## HICKS v. MORGAN.    (No. 1028.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 13, 1924. Rehearing Denied Feb. 28, 1924.)

1. Trial ⊕⇒350(2)—Nothing but ultimate fact issues should be submitted to jury.

Nothing but the ultimate fact issues should be submitted to the jury, and questions calling for mere evidentiary matters were improperly submitted.

2. Trial ⊕⇒350(7)—Error to submit issue of contributory negligence when not made by pleadings of parties.

In an action for damages due to an automobile collision on a highway, the court erred in submitting a question as to contributory negligence, where such issue was not made by the pleadings of either party.

3. Trial ⊕⇒350(7) — Error to submit issue whether plaintiff sounded his horn where such omission not alleged.

In an action for damages due to an automobile collision on a highway, the court erred in submitting a question as to whether plaintiff sounded his horn or gave other signal of his approach at the time of or just before the collision, where such failure on his part was not alleged and such error was prejudicial.

4. Highways ⊕⇒184(4)—Instruction that plaintiff not negligent in turning to left-hand side of road to avoid collision erroneously refused.

In an action for damages due to an automobile collision the court erred, notwithstanding Pen. Code, art. 820k, Complete Tex. St. 1920, or Vernon's Ann. Pen. Code Supp. 1922, in refusing plaintiff's instruction warranted by the pleadings and evidence that if plaintiff was on his right-hand side of the road, and defendant was on his left-hand side of the road and it reasonably appeared to plaintiff that they would collide, and that acting upon such appearance plaintiff swerved his car to the left, and in doing so did what an ordinarily prudent person would have done under similar circumstances, he would not be guilty of negligence.

Appeal from Jefferson County Court; D. P. Wheat, Judge.

Action by D. J. Hicks against H. W. Morgan. From an adverse judgment, plaintiff appeals. Reversed and remanded.

Smith & Jackson, of Beaumont, for appellant.

Howth & O'Fiel, of Beaumont, for appellee.

HIGHTOWER, C. J. This suit was filed in the county court at law of Jefferson county, by the appellant, D. J. Hicks, against the appellee, H. W. Morgan, in which appellant sought to recover damages to his automobile, alleged to have been negligently caused by the appellee, in the sum of $404. Appellant alleged, in substance, that on November 24, 1921, he was traveling along the Fannett road in said county, one of the principal highways, in a southerly direction from the city of Beaumont, toward the town of Fannett, and that just before reaching the town of Fannett his car collided with appellee, who was traveling the same road in a northerly direction at the time; that appellant, in traveling the road at the time, was on the right-hand side thereof, as he should have been, and was using due and proper care, but that the appellee at the time was traveling in the opposite direction, and was on the left-hand side of the road, where he had no right to be and in violation of the law, and the rule of the road, and that appellee continued to drive his car on the left-hand side of the road, and seemed to make no effort to change his car to the right-hand side of the road, and that as the two cars approached each other and when within 15 to 25 feet of each other, appellant concluded that appellee did not intend to change his car to the right-hand side of the road, and would not do so, but, on the contrary, that he would keep approaching on the left-hand side of the road and thereby come in contact with appellant's car and inflict injury to the same and to appellant and his companion in his car; that in order to prevent what appeared to appellant to be an inevitable collision between his car and that of appellee, when the two cars were somewhere between 15 and 25 feet apart, appellant suddenly swerved or turned his car to the left at an angle of

about 35 degrees, with a view to missing the appellee's car, but that about the same instant he did so appellee also suddenly turned or swerved his car to the right, and in doing so brought his car in direct contact and collision with appellant's car, causing the damage complained of.

Appellee, Morgan, answered by general demurrer and general denial, and then by way of cross-action against appellant sought to recover damages to his car in the sum of $125, and also to recover $50 damages because he was deprived of the use of his car for a period of 10 days. Appellee's allegations of negligence against appellant were, in substance, the same as made by appellant against him. He alleged that he was traveling north at the time and was on the right-hand side of the road, where he should have been, and that appellant's car was approaching from the north, and that appellant was traveling on the left-hand side of the road, where he should not have been, and at a high rate of speed, to wit, 25 miles per hour or more, and that as the two cars approached in dangerous proximity, as it appeared to appellee, he reduced the speed of his car with a view to stopping it, and got as far over on his side of the road as he could at the time, but that appellant negligently ran his car against appellee's car and damaged it to the extent of $125.

Appellant replied by supplemental petition, in which he denied the allegations of the appellee's answer.

The case was tried with a jury and was submitted upon special issues, and, upon the verdict as returned, judgment was entered by the court that neither party recover as against the other, and that the costs of suit be apportioned between them.

Appellant's assignments of error and propositions relied on for reversal relate mainly to the court's charge; that is, to the form and substance of the questions propounded and to the court's action in refusing charges and issues requested by appellant.

In the court's charge, 26 questions were submitted for the jury's answers, but the last three relate only to the items of damage claimed by the parties. As to the first 23 questions propounded to the jury, it is appellant's contention, in substance: (1) That they called for the jury's answers to mere evidentiary matters, and not to ultimate facts; (2) that the questions as framed made too prominent the contention of appellee that the collision of the cars was caused by the fault and negligence of appellant; (3) that the questions were leading in form and the phraseology and arrangement were such as to be prejudicial to appellant; (4) that some of the questions submitted relate to no issue made by the pleadings of either party; (5) that the questions were so numerous and so framed as to mislead and confuse the jury in their determination of the real fact issues as made by the pleadings and evidence.

[1] The record shows that these objections were timely made and presented before the charge was given to the jury, and that they were all overruled. It would serve no useful purpose to here show what these 23 questions were and how they were framed, and, besides, it would carry this opinion to an unnecessary and unreasonable length to do so; they cover 7 typewritten pages. We will say, however, that we have given the contentions of both parties in this connection careful consideration, and have reached the conclusion that some of the many questions submitted to the jury in this case are clearly subject to all the objections interposed by appellant, as we have just stated them. It is clear to us that at least three-fourths of the first 23 questions called for answers of the jury to mere evidentiary matters instead of any ultimate fact in this case, and therefore such questions were improper, as has been held in numerous cases in this state. Such questions can serve no purpose other than to confuse and divert the minds of the jurors from the real and determinative fact issues before them, and they are highly calculated to elicit such answers by the jury as to leave the verdict as a whole in such irreconcilable conflict and contradiction that no valid judgment could be based upon it. Cushman v. Masterson (Tex. Civ. App.) 64 S. W. 1031; Haile v. Johnson, 63 Tex. Civ. App. 199, 133 S. W. 1088; Oaks v. West (Tex. Civ. App.) 64 S. W. 1033; Anderson Bros. v. Parker Construction Co. (Tex. Civ. App.) 254 S. W. 642. In the last cited case, this court, speaking through the writer, had occasion to discuss and apply the rule governing the submission of special issues to a jury, and there held, in substance, that nothing but ultimate fact issues as made by the pleadings and evidence should be submitted, stating the reasons for our holding, and citing numerous authorities to sustain it.

We are also certain that the form of the questions as a whole made unduly prominent the appellee's contention as to the cause of the collision in question, and that several of the questions were leading in form, as complained by appellant.

[2, 3] It is also true that some of the questions submitted had reference to issues not made by any pleading in the case. For instance, the issue of contributory negligence was submitted as against each party, and that issue was not made by the pleadings of either. This error, however, would probably not call for reversal, in view of the state of the whole record. But the court also submitted a question calling for the jury's answer as to whether appellant sounded the horn on his car or gave other signal of his approach at the time of or just before the

collision, when such failure on appellant's part was not alleged. This was error, and we think it was prejudicial to appellant, in that it was calculated to convey to the jury the idea that it was appellant's duty to sound his horn or give other signal of his approach at the time, and that the court thought so, for that otherwise he would not have asked the jury that question. And in answer to the question the jury found that appellant did not sound his horn or give other signal at the time. We think this action of the court was prejudicial to appellant.

We also think that the great number of questions submitted to the jury in this case, most of them calling for answers to mere evidentiary matters, was of itself calculated to confuse the jury and divert the minds of the jury from the real issues in the case. As jokingly remarked by one of the attorneys, the court did, in fact, take the "depositions" of the jury in this case, notwithstanding timely objection by counsel for appellant that the court should not do so.

[4] Question No. 18 submitted to the jury was as follows:

"From the evidence, what act of defendant or plaintiff do you find to have been the proximate cause of the collision? Answer in your own words just what act or acts of the plaintiff or defendant you find to have been the proximate cause."

The jury's answer was: "Caused by the plaintiff swerving his car to the left-hand side of the road."

Question No. 10 propounded to the jury was as follows:

"Did you find as a fact or believe from the evidence that in the doing or not doing of any of the acts or things which the plaintiff did or did not do as above answered by you, that the plaintiff was guilty of negligence? Answer as you find the facts to be."

The answer to this question was: "Yes." Question No. 8 was as follows:

"Was the plaintiff, Hicks, on the right-hand side of the road for him to be going in the direction in which he was traveling at the time that he changed the course of direction of his car to his left, if you find the facts to be? Answer 'Yes' or 'No' as you find the facts to be."

The jury's answer was: "Yes." This answer of the jury establishes the fact that the plaintiff was traveling on the right hand side of the road, where he should have been at the time, under the provisions of the statutory law of this state. Now, the jury found, in answer to question 18, that the collision was caused by appellant in suddenly swerving or turning his car from the right-hand side of the road, thereby bringing it in contact with appellee's car, and in answer to question No. 10, the jury found, as we have shown, that appellant was guilty of negligence in doing or failing to do some of the things which he did or failed to do. It is probable that the jury, in giving their answer to question 19, meant to say that appellant was guilty of negligence in swerving his car from the right-hand side of the road to the left, and thereby bringing it in contact with appellee's car, and this is appellee's contention. It may be also probable that the jury thought that appellant was guilty of negligence in not sounding his horn or giving other signal of his approach at the time, as the court had submitted that question to them, which, as we have shown, was not an issue made by the pleadings. But be that as it may, we feel certain that the court was in error in declining to give, at appellant's request, a special instruction which was, in substance, that if, as the two cars approached, appellant was on his right-hand side of the road and appellee was on his left-hand side of the road at the time, and the two cars continued to so approach each other, and did so approach each other until it reasonably appeared to appellant that they would come in collision, and that acting upon such appearance, if he did, appellant in order to prevent a collision, suddenly swerved or turned his car to the left, and that in doing so he did what an ordinarily prudent person would have done under the same or similar circumstances, appellant would not be guilty of negligence, and that in making their answer on that point they would bear such instruction in mind. Appellant had fully pleaded the facts as a basis for this instruction, and the evidence adduced by him amply sustained the allegation. This being true, it was appellant's right to have the issues submitted, and the court erred in declining to do so. There was nothing anywhere in the court's charge to inform the jury that appellant would not be guilty of negligence in bringing about the collision if the facts were as submitted in this special instruction. If, immediately before the actual collision of the cars, appellant was traveling on his right-hand side of the road, as the law required, and if the appellee was traveling on his left-hand side of the road, as appellant had alleged and introduced evidence to prove, and if it reasonably appeared to appellant that it was necessary, in order to avert a collision of the cars, for him to swerve his car to the left, and if in doing so he did that which an ordinarily prudent person would have done under the same or similar circumstances, he certainly was not guilty of negligence in that respect. It seems to us that without proper instruction from the court in this connection the jury had no guide by which to determine appellant's negligence, if he was negligent, on the vital point in the case. It is the law of this state that on all occasions the driver or operator of any vehicle on or upon any public highway in this state shall drive upon the right-

hand side of such highway, unless the road on the left-hand side of said highway is clear and unobstructed for a distance of at least 50 yards ahead. Article 820k, Penal Code, Texas Complete Statutes, or Vernon's Ann. Pen. Code Supp. 1922. Now, the jury in this case found, as we have shown, that immediately before the collision appellant was traveling upon the right-hand side of the road, as the law required him to do, and that he suddenly swerved his car to the left, which brought about a collision with appellee's car. Still, this did not constitute negligence on appellant's part, if, under the same or similar circumstances an ordinarily prudent person would have done as appellant did, and, really, this was the controlling point in the case.

In answer to question No. 20, the jury found that appellee was guilty of contributory negligence (which, as we have shown, was not an issue in the case), and this evidently accounts for the fact that judgment was not rendered in his favor upon the jury's verdict, which also found, as we have shown, that appellant was guilty of negligence. But while the jury found in answer to this question that appellee was guilty of contributory negligence, to the very next question they answered that appellee was not guilty of any negligence. Surely, there must have been some confusion in the minds of the jurors in this case.

For the errors discussed, the judgment is reversed and the cause remanded.