**KILLEN v. STANFORD et al.**

No. 13371.

Court of Civil Appeals of Texas. Dallas.

March 5, 1943.

Rehearing Denied April 23, 1943.

McCraw & Holt, of Dallas, for appellant.

Strasburger, Price, Holland, Kelton & Miller, of Dallas, for appellees.

BOND, Chief Justice.

This is an appeal from a judgment entered in favor of appellees, plaintiffs in cross action, against appellant for damages growing out of a collision between an automobile operated by appellant and one operated by Mrs. Stanford on a public highway. Appellant instituted the suit based on numerous alleged acts of negligence on the part of appellees, proximately resulting in the damages severally alleged, all of which were found by the jury against appellant. No point is raised in this appeal touching the verdict, other than the verdict on the cross action in favor of appellees.

In cross action, appellees alleged, in effect, and the jury found, that appellant was guilty of operating his automobile immediately before the collision partly or wholly on the left-hand side of the road, considering the direction he was going, and that such driving on the left-hand side was negligence, proximately resulting in the collision and appellees' damage in the sum of $1,600; accordingly judgment was entered against appellant and in favor of appellees.

Appellant raises a point germane to a proper assignment of error that appellees in cross action, having alleged as negligence that appellant "(f) just before the collision operated his automobile on the wrong or left-hand side of the road in violation of the law of the road," the "law of the road," by reference, became a part of their petition, thereby binding upon appellees, Sec. (A), Art. 801, P.C., providing that operators of any vehicle upon the highway, "wherever practicable" shall travel upon the right-hand side of such highway, and Sec. (B), providing that ve-

hicles proceeding in the opposite direction shall pass each other to the right, each giving the other one-half of the road "as nearly as possible," hence no actionable negligence is shown on the part of appellant as basis for the findings of the jury that appellant was guilty of negligence proximately resulting in the collision; especially so, in the light of appellant's pleadings and proof that he was, at the time of the collision, driving his automobile on the right side of the road in a careful and prudent manner, that appellee's wife was operating their automobile on the wrong or left-hand side of the road directly in front of appellant, and that, to avoid a collision which appeared to be imminent, he turned his automobile to the left immediately before the impact of the two automobiles.

■ We think the statute, supra, clearly implies that a party, perceiving his perilous position, has the inherent right and that it is his duty to use all means at his command to avoid an impending catastrophe; and, in such a situation, may not be held liable where the evidence shows he did all within his power to avert the occurrence. So in this case, if it can be said that appellant perceived the peril, that his conduct immediately prior to the collision did not bring about the dangerous situation, and that he turned his automobile partly or wholly onto the wrong or left-hand side of the road to avert a collision, clearly he would not be guilty of negligence. Negligence cannot be predicated upon acts which the party charged had a right to do. The law, under appellant's pleadings and proof, undoubtedly would excuse him. Of course, the issue of appellant's negligence is not eliminated from the case by the facts and circumstances related by his pleadings and proof. Appellees allege, and there is substantial evidence to sustain the allegations, that appellant was driving his automobile on a wet and slippery pavement, faster than a person of ordinary care and prudence should have been driving under the same or similar circumstances; that as he approached appellees' car, he got over on the left-hand side of the road while appellees' wife was on her side trying to get out of his way; that the accident occurred suddenly and unexpectedly, that appellant was negligent in failing to exercise ordinary care in the matter of steering his automobile, and

that, just before the collision, he was operating on the wrong or left-hand side of the road, without any excuse for so doing.

■ It will be observed that the trial court did not rest its decision upon negligence per se; that is, a violation of a penal statute; but submitted the controversial issue of facts for the determination of the jury. The jury found that appellant was negligent in respect to the operation of his automobile; and while, under some circumstances, he might not have been guilty of negligence in operating his automobile on the wrong side of the road—and under some circumstances justified, in order to avoid collision with an oncoming automobile, such circumstances cannot be said to prevail in this case as a matter of law. The relative positions of the two automobiles on the highway immediately before and at the time of the collision was a disputed issue. Plaintiff's testimony was to the effect that their automobile was never on the left-hand side of the highway at any time, and that the collision occurred on his right side; while that of appellees was clearly to the contrary. The jury determined the issue, and we cannot say that the evidence does not support the findings of the jury.

■ Appellant further contends that the jury were led to find that, at the time of the collision, his automobile was on the wrong side of the road, by the remarks of a juror to another during deliberation, to the effect that he had seen, on another occasion, that an automobile would turn or come to rest in the direction of the damaged wheel, when there was no such evidence in the case. We think the natural consequence known to all people, that a moving vehicle will turn or rest in the direction of a wheel that has been damaged or disabled. When a front wheel of a vehicle fails to turn on its axle, or its motion is retarded more than the others, the vehicle has a tendency to turn or rest in the direction of the wheel which fails to function. We do not see prejudicial error in the remarks of the juror. Such had no bearing upon their answers to the question submitted and, even so, would not justify a reversal of the case. The juror making the remark testified that he made the remark to only one member of the jury—the one sitting next to him—and that the extent of the statement was that: "If a car wheel was broken it would go

farther around in that direction, and it would do so as a natural consequence." We think the remark was merely the mental process of the juror's reasoning in arriving at a conclusion as to the relative positions of the two automobiles on the highway at the time of collision, viewed from the wreckage pictures, their wheels and the markings on the paved road as the result of the occurrence, along with the testimony in the case.

We have carefully reviewed all assignments of appellant and, finding no reversible error, they are overruled. Judgment of the court below is affirmed.

Affirmed.