LEWIS et al. v. REICHEL.

No, 4846.

Court of Civil Appeals of Texas. Beaumont.

Feb. 26, 1953.

Dyess & Dyess, Houston, for appellant.
McClain & Harrell, Conroe, for appellee.

R. L. MURRAY, Justice.

This is an appeal from a judgment of the district court of Montgomery County in favor of appellee, W. T. Reichel, and against H. L. Lewis, doing business as Lewis Transfer & Storage Company, and Thomas Wayne Bedford, for damages for personal injuries suffered by the wife of appellee in a collision between Lewis' truck, driven by Bedford, and Reichel's car in which his wife was a passenger. The collision took place when the appellee drove his car into the rear of appellant's truck on a bridge across Spring Creek in Montgomery County.

The appellee brought suit against the two appellants, alleging the collision, the injuries to his wife and alleged negligence on the part of the driver of the truck, which he alleged to be a proximate cause of the injuries to his wife, as follows: Stopping or parking the truck on the bridge, stopping or parking the truck in the center of the bridge, stopping or parking the truck on the bridge when it was possible to park off the bridge, stopping or parking the truck without leaving an unobstructed width of the truck for the free passage of other vehicles, stopping or parking the truck on the bridge when a clear view of the truck was not available for a distance of 200 feet from each direction upon the highway, failure to place flares or other warning signals on the highway to the rear of the truck so as to give the traveling public sufficient warning of the presence of the truck, not having the truck equipped with one or more lamps exhibiting a red light visible for 500 feet from the rear of the truck.

The appellants filed a plea of privilege to be sued in Dallas County, the county of their residence, and also filed an answer subject to the plea of privilege. The plea of privilege was heard before the court and after a hearing was overruled. The case went to trial immediately after the hearing on the plea of privilege, was tried to a jury and on the jury's verdict judgment was rendered in favor of the appellee against the appellants for the sum of $10,-000. The appellants filed a motion for instructed verdict, motion to set aside the order overruling their plea of privilege, motion for a mistrial, motion for a new trial, motion for judgment on a portion of the verdict of the jury and non obstante veredicto as to other portions of the jury's verdict. All such motions were overruled and the appellants have perfected their appeal, both from the order overruling the plea of privilege and the judgment on the merits.

The jury in its verdict found in favor of the appellants and against the appellee on all Special Issues in regard to negligence except one. The jury found that the truck of the appellant Lewis was not stopped on Spring Creek bridge at the time of the collision, and that the appellants did not fail to have the truck equipped with suitable lights visible from the rear of the truck. It also found that the collision was not the result of an unavoidable accident. The jury by its answer found in favor of the appellee on all the various issues submitting the question of contributory negligence on the part of himself and his wife. The jury in its answers to Special Issues 7, 8 and 9 found that the appellants "failed to leave an unobstructed width of the bridge opposite said truck for the free passage of other vehicles", that such failure was negligence and that such negligence was a proximate cause of the collision.

The testimony at the hearing on the plea of privilege by the appellee was in substance the same as his testimony on the trial of the case on the merits. The testimony of the driver of the truck was also in substance about the same as the truck driver's testimony on the trial. Appellee's testimony

on the hearing was that he and his wife were driving south on Highway 75 towards Houston and that the truck going in the same direction was standing without any tail lights visible to him on a bridge; that he saw it and identified it as a standing object too late to stop his car, attempted to swerve to the left to pass the truck and discovered that a portion of the truck was across the center line of the bridge on his left so far that he did not have room to pass it and he then swerved back to his right and struck the rear end of the truck, demolishing his car and severely injuring his wife; that there were no flares placed on the road to the rear of the truck. The driver of the truck testified that he had not stopped his truck, that he had several red lights on the rear of the truck and his head lights on the front were burning; that he had slowed down as he approached the bridge because of a sign warning him of a narrow bridge ahead and he slowed down to meet a car coming from the opposite direction, that he was going at a rate of 10 or 15 miles per hour on the bridge when the truck was run into from the rear by appellee in his car.

It is apparent, therefore, that the trial judge who heard the plea of privilege believed the testimony of the appellee that the truck was stopped without flares and without tail lights, and the jury who heard the case on its merits did not believe such testimony but accepted the testimony of the truck driver that he was in motion on the bridge and had proper tail lights on his truck. The appellants contend in their brief that the evidence was wholly insufficient on the hearing on the plea of privilege to establish that a crime was committed in Montgomery County by the driver of the truck, and, therefore, the trial court erred in overruling their plea of privilege. The appellants raise, by numerous points of error, their contention that their plea of privilege should have been sustained. We believe the evidence on the hearing was sufficient to support the implied finding by the trial court that the driver stopped his truck on the highway when it was possible to stop or park it off the highway and that he stopped or parked the truck on the highway without leaving an unobstructed

width on the highway or bridge opposite said truck for the free passage of other vehicles. These acts come within the allegations in appellee's petition in regard to negligence and they are made crimes by the provisions of Section 93(a) of Article 6701d, Vernon's Annotated Civil Statutes of Texas. It is not necessary that the plaintiff in a plea of privilege hearing prove that a crime was committed by the defendant beyond a reasonable doubt, as is contended by the appellants. Thomas v. Meyer, Tex.Civ.App., 168 S.W.2d 681. In such a civil proceeding as this it is incumbent upon such a plaintiff to prove only by a preponderance of the evidence that a crime or offense was in fact committed. See, also, Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. Also, it is not necessary that the pleadings of the plaintiff in such a case as this set out the crime in the exact language of the criminal statute, but such a pleading is sufficient if it describes in plain language the acts committed by the defendant which the statute in another language denounces as a crime and no exceptions to the pleadings are presented. Cree v. Miller, Tex. Civ.App., 242 S.W.2d 197; Simmons v. Germany, Tex.Civ.App., 231 S.W.2d 774. The appellants argue at length under their contention that the evidence was insufficient on the hearing of the plea of privilege that the evidence shows that the appellee in his actions immediately prior to the collision was negligent, and that his negligence was a proximate cause of the collision and the injuries to his wife. This feature of the evidence is not determined at such a hearing. The issue raised by the plea of privilege and the controverting affidavit was whether the appellee's suit for damages was based upon a crime committed in Montgomery County, where the suit was brought, and even though there is evidence adduced at the hearing showing contributory negligence it is immaterial on such a hearing. See Martin v. Cable, Tex.Civ.App., 140 S.W.2d 894 and cases cited therein.

Since no findings of fact or conclusions of law were filed by the trial court and no request for them was made, every disputed issue raised by the evidence must be resolved by us in support of the judgment

of the trial court. We believe that the evidence on the hearing was sufficient to sustain the order of the trial court in overruling it and all of the appellants' points contending otherwise are overruled.

The appellants contend that on the trial on the merits of the case, since the appellee's whole suit is predicated upon his allegations that the truck driver had stopped his truck without lights and without flares on a bridge of the highway, and since the jury by its verdict had found that the truck was not stopped and did have proper lights on it, then the jury's findings that the truck driver failed to leave an unobstructed width opposite his truck for the free passage of other vehicles and that such failure was negligence and a proximate cause of the collision, in answer to these three issues, find no support in the pleadings and convicted the appellants of no violation of the law; and they contend that such a verdict as to these three issues found against the appellants should have been disregarded by the court and judgment should have been rendered in favor of the appellants, or that a mistrial should have been declared. The flaw in the argument of the appellants is that no objection was made by counsel for the appellants to the submission in the court's charge of those three Special Issues Nos. 7, 8 and 9. He argues, of course, that he understood from the wording of such issues that they were inquiring whether the truck driver failed to leave sufficient width on the highway or bridge for other vehicles to pass when he stopped his truck. There was no exception to the allegations by the appellee regarding the failure to leave adequate space on the bridge and no objection to the issues themselves. We believe that these three issues were submitted and tried out before the jury with the consent of both parties and the appellants can not now or on his motion for a new trial make a delayed objection to submitting such issues in the language used. Issue No. 7, in effect, submits to the jury the question whether the truck driver was driving his truck on the lefthand side of the highway which act, under the new all-inclusive highway traffic statute, is made a crime. Sec. 52, Art. 6701d, Vernon's Annotated Civil

Statutes of Texas. We think the evidence supports, and the driver of the truck so testified on the trial, that he was driving his truck with his lefthand wheels a foot or two across the center line stripe of the highway. He saw no cars approaching in front of him, the bridge in front of him was clear of traffic and he was driving at a speed of 10 or 15 miles per hour on a narrow bridge. This does not appear to be, under ordinary circumstances, a serious breach of any necessary highway traffic regulation, but the statute now in effect simply declares that upon all roadways the driver of a vehicle shall drive upon the right half of the roadway, except when overtaking and passing another vehicle proceeding in the same direction, or when the right half of a roadway is closed to traffic while under construction or repairs, or upon a roadway divided into three marked lanes of traffic, or upon a roadway designated and signs posted for oneway traffic. Therefore the act of the driver of this truck in driving partly on the lefthand side of the road or bridge was a violation of said statute and was a crime and as such was negligence per se. Whether this act was a proximate cause of this collision and the resulting injuries to the wife of the appellee is the only question left for consideration.

By their 7th point appellants say that the verdict of the jury in answer to Special Issue No. 9, that the act of the truck driver in driving his truck partly on the lefthand side of the road or bridge was a proximate cause of the collision, finds no support in the evidence, and is so contrary to the greater weight and the preponderance of the evidence as to be clearly erroneous. In order to consider and determine this question, it is necessary to give a résumé of the evidence as to the surrounding circumstances of the collision.

About 3 A.M. on August 18, 1951, appellee was driving his automobile toward Houston on Highway 75 in Montgomery County. His wife was riding in the front seat with him and his son and dog were in the rear seat. After rounding a double curve he entered a 140 foot stretch of highway leading to a bridge over Spring Creek. Before he entered the concrete

portion of the Spring Creek bridge on that highway there was a highway sign reading "narrow bridge" beside the highway a short distance north of the bridge entrance, but he did not see it. He slowed his car to around 40 to 45 miles to make the curve in the highway and before he entered the portion of the bridge covered by a steel superstructure he saw a white or aluminum colored object which he later identified as appellant's truck. Appellee testified that the truck was stopped on the bridge but the truck driver testified that he was moving, also in a southerly direction toward Houston, and the jury found that the truck was not stopped. Upon seeing the truck the appellee immediately put on his brakes, pulled to his left, saw that he could not pass the truck, turned back to his right and collided with the rear of the truck on the bridge. The roadway on the bridge was 20 feet wide and had concrete railings on each side. The truck was driven by appellant Bedford, acting within the course and scope of his employment for appellant Lewis, who owned the truck. Bedford testified that he was driving 10 or 15 miles per hour; that he was driving partly to the left of the center line of the highway with his left wheels 1½ or 2 feet to the left of the center line. The van of the truck was 11 feet 6 inches in height and weighed 20,340 pounds. Appellee testified that he saw no lights burning on the truck. Other testimony was that the lights were burning, both front and rear on the truck, and the jury so found. The truck in question was painted an aluminum color and the bridge superstructure was also aluminum color. Appellee also testified that the night was dark and dry and clear; that his vision was not interfered with by the headlights of any approaching car; that nothing interfered with his vision or prevented him seeing the truck, but that the reflection from the bridge blended with the reflection from the truck and this had something to do with his failing to see the truck until he was very close to it. He further testified that he had good lights on his own car and that he could stop his car within a reasonable distance at the speed he was traveling; that he did not sound his horn and did not see the truck

and identify it as a truck until he was too close to it to avoid colliding with it. After the collision the truck drove on across the bridge at the south end and parked on the righthand side of the road.

The court in its definition of proximate cause gave the jury the following instructions in its charge: "By the term 'proximate cause' as used in this charge is meant a cause which in a natural and continuous sequence, unbroken by any new and independent cause, produces an event, and without which the event would not have occurred, and to be a proximate cause of an event, it should have been reasonably anticipated and foreseen by a person of ordinary prudence in the exercise of ordinary care that the event or some similar event would occur as a natural and probable consequence. There may be more than one proximate cause of an event." We do not believe that the evidence in this case is sufficient to support the finding of the jury that the truck driver's act in driving his truck partly on the lefthand side of the road at a slow rate of speed with no cars approaching him from the opposite direction and under the other circumstances outlined above was a proximate cause of the collision of the appellee's car with the rear of the truck. We do not believe that a person of ordinary prudence in the exercise of ordinary care under these circumstances should have reasonably anticipated or foreseen that a person in another automobile approaching from his rear without sounding his horn or without making any audible sound would drive up behind the truck so quickly that he would be unable to stop his car before he crashed into the rear of the truck, or that a person driving a car behind the truck would be unable to see such a huge truck or van on a bridge or highway in front of him when it was properly equipped with lights, both front and rear, and no other cars with their disturbing lights were approaching the point of collision from either direction. We sustain the 7th point of appellants and hold that the jury's answer to Special Issue No. 9 is so contrary to the greater weight and preponderance of the evidence as to be clearly erroneous, and that the evidence is in-

sufficient to support the jury's answer to such Special Issue.

The appellants present other points, contending that various procedural errors took place in the course of the trial. We have examined them and have concluded that they show no error. In view of our disposition of the case, it is unnecessary to discuss them at any length.

We believe that the trial court should have granted the appellants a new trial because of the insufficiency of the evidence to support the finding of the jury in regard to proximate cause in answer to Special Issue No. 9, and the judgment will be reversed and remanded for a new trial.