**Samie KIMBLE, Appellant,**

v.

**YOUNGER BROS.–J. M. ENGLISH TRUCK LINES, Inc., Appellee.**

No. 12809.

Court of Civil Appeals of Texas.

Galveston.

Oct. 20, 1955.

Rehearing Denied Nov. 3, 1955.

Bob Huff, J. H. Splawn, Jr., and Kent Wagonseller, Lubbock, for appellant.

Baker, Botts, Andrews & Shepherd, James K. Nance, Frank G. Harmon, Houston, for appellee.

HAMBLEN, Chief Justice.

This litigation arose out of a collision between an automobile being driven by appellant and a truck owned and being operated by appellee. The collision occurred shortly after midnight on the morning of September 21, 1951, on U. S. Highway 59, about two miles south of Rosenberg. Appellant's automobile was proceeding in a westerly direction when it was in a "sideswiping" collision with appellee's truck proceeding in an easterly direction. The evidence is highly conflicting as to the position of the vehicles relative to the center line of the highway. It is undisputed that the collision occurred at a point where the highway was a straight two-lane highway 24 feet in width; that appellant's automobile was 5 to 6 feet in width, and appellee's truck was eight feet in width; that the collision occurred when both vehicles were upon the paved portion of the highway; and that appellant received an injury to his left arm, necessitating its amputation above the elbow.

Trial of the disputed issues of fact was had before a jury in the District Court of Harris County. In response to special issues submitted, the jury found the collision to have been proximately caused by negligence on the part of appellee in failing to yield at least one-half of the main travelled portion of the highway, in failing to turn the truck to the right in time to avoid the collision, and in driving the truck to the left of the center line of the highway. Issues of contributory negligence were submitted, and in response to issues Nos. 23, 24, and 25, the jury found the appellant negligent in failing to turn his automobile to the right, which failure proximately caused the collision. The jury acquitted appellant of other submitted issues of negligence, including that of failing to have his automobile under proper control. Damages were assessed at approximately $9,000. Upon receipt of such verdict, the trial court entered judgment denying recovery by appellant.

The judgment of the trial court is attacked by appellant in four asserted points of error. By points Nos. 1 and 2, appellant contends that the trial court erred in submitting and in failing to disregard the jury's answers to issues Nos. 23, 24, and 25, which relate to the failure of appellant to turn his automobile to the right. We overrule the points.

The basis of appellant's argument is that the ultimate and controlling fact issue raised by the evidence was properly submitted by the court in the issues relating to the failure of appellant to have his automobile under proper control, and that the submission of the issues relative to appellant's failure to turn to the right constituted the submission of a mere shade, phase and degree of that ultimate issue and was, therefore, error. As a corollary argument, appellant contends that the court should have disregarded the jury findings in response to issues Nos. 23, 24, and 25, which he terms evidentiary issues, and should have entered judgment upon the jury findings that appellant did not fail to have his automobile under proper control, which, he contends, is the controlling issue.

Such contentions made by appellant are not the law in Texas. On the other hand, it has been clearly and consistently held that a failure to find that there has been improper control of a vehicle does not conflict with, nor override, a specific finding of some act of omission or commission which might, in the broad sense, be considered to constitute one of the elements of

proper control of a vehicle. Dorsey v. Younger Bros., Tex.Civ.App., 216 S.W.2d 294; Manlove v. Lavelle, Tex.Civ.App., 235 S.W. 324; Smith v. Young, Tex.Civ. App., 147 S.W.2d 859; Rankin v. Joe D. Hughes, Inc., Tex.Civ.App., 161 S.W.2d 883; Akers v. Epperson, Tex.Civ.App., 172 S.W.2d 512. In the present case it is undisputed that appellant did not turn his vehicle to the right. There is evidence that the collision happened at a point in close proximity to the center line of the paved portion of the highway. The inference is permissible, if not compelled, if that evidence be believed, that by turning to the right, appellant could have avoided the collision. It was appellee's defensive theory of the lawsuit that appellant's failure to so turn, constituted contributory negligence and a proximate cause of the collision. Appellee was entitled to a submission of that theory. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517; Roosth & Genecov Production Co. v. White, 152 Tex. 619, 262 S.W.2d 99. In view of the nature of this collision, the jury finding that appellant's failure to turn to the right constituted negligence proximately causing the collision does not in any way conflict with, but on the other hand is entirely consistent with, the finding that appellant did not fail to have his vehicle under proper control. We do not consider the decisions of the Supreme Court in Northeast Texas Motor Lines v. Hodges, 138 Tex. 280, 158 S.W.2d 487, and Schuhmacher Co. v. Holcomb, 142 Tex. 332, 177 S.W.2d 951, cited by appellant to be factually analogous nor legally applicable to the present case.

Appellant's third and fourth points are directed to the asserted error of the trial court in refusing to grant a new trial because of jury misconduct. The substance of the complaint is that during the deliberations of the jury the foreman made representations to the panel that it would make no difference, in so far as appellant's right to recovery was concerned, how the jury answered Special Issues Nos. 23, 24, and 25, as a result of which representation the jurors answered said issues adversely to appellant, even though they did not think he was negligent, or alternatively that they, as a result of such representation, changed their answers to such issues. Aside from the motion for a new trial, the record upon this issue consists of the transcription of the testimony of two jurors taken at the hearing of the motion. This transcript is 25 pages in length, and is obviously too lengthy to incorporate in this opinion. We have carefully examined it, and, after doing so, conclude that the appellant's points three and four must be overruled.

Each of the jurors who were interrogated testified that during their deliberations some one of their number expressed the opinion that it wouldn't make any difference how they answered Special Issue No. 23. They likewise testified that because of such representation they answered the issue adversely to appellant, even though they did not think he was negligent. However, on further examination, both by counsel, and by the court, these witnesses testified that they did not know who had made the statement; that other members of the panel had expressed a contrary opinion; that during their deliberations, which extended over a period of three days they had long discussions about all of the issues submitted; and finally, each witness, in contradiction to his original testimony, stated that he answered the issue according to the evidence. We quote the following cross-examination of one of the jurors:

"Q. In other words, you listened to the evidence and answered the questions exactly according to the evidence, isn't that right? A. Yes.

"Q. And that is what all eleven thought? A. Yes, sir, that is what I thought we did.

"Q. And that is what you did when you finished? A. Yes, sir.

"Q. And when the Judge asked you if that was your verdict, you meant you had found that and it was based on the evidence you had heard? A. Yes, sir."

The other juror testified in part, as follows:

"Q. When you think back, isn't it true that some of them disagreed with that particular comment? A. There were around three that did disagree.

"Q. About that particular comment as to the effect of that answer? A. Yes, sir.

"Q In other words, one man offered his opinion on what the answer would do and another man offered his opinion, is that right? A. We were around the table discussing it, and we all got together and agreed to put it that way.

"The Court: Discussing the evidence around the table? Witness: That's right."

The proof was likewise contradictory as to whether the statement was made before or after the question had been answered, as the following testimony indicated:

"Q. You don't recall when it was said or who said it then, is that correct? A. No, sir.

"The Court: There wasn't any real discussion on it? Witness: There was a discussion on it.

"The Court: After you had already answered the issue? Witness: Yes, sir."

■ As we understand the opinion of the Supreme Court, in its decision of the case of White Cabs v. Moore, 146 Tex. 101, 203 S.W.2d 200, the burden is upon the appellant to establish (1) that misconduct occurred; (2) that such misconduct was material; and (3) that injury probably resulted to the appealing party because of such misconduct.

Because of the order overruling the motion for new trial, it must be presumed that the trial court found as a fact that misconduct did not occur. Our function as an appellate court appears to be adequately and authoritatively expressed in the following quotation from the opinion of the Commission of Appeals in the case of Price v. Biscoe, 141 Tex. 159, 170 S.W.2d 729, 731:

■ "The indefiniteness, the contradictions, the conflicts, the inconsistencies in the testimony of the jurors prove the soundness of the rule announced in Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770, 773, 'When a trial court hears the testimony of jurors on an issue of misconduct, * * * he is accorded the same latitude in passing upon the credibility of the witnesses and of the weight to be given to their testimony as the jury had upon the trial of the original cause. If there be any inconsistencies or contradictions in the testimony of a witness upon the hearing of a motion for new trial, it rests within the sound discretion of the trial court to harmonize and reconcile such conflicts so far as possible. A juror's testimony upon such hearing may be so contradictory and inconsistent that the trial court in exercising its privilege to pass upon the credibility of the witness may be justified in disregarding his entire testimony.' * * * That case further states that, in such situation, the trial judge may accept the testimony given on cross-examination or he may disregard the whole of it. Then it is said that when the juror so testifies as to justify the trial court in disbelieving his testimony, the complaining party should introduce other jurors as witnesses; that if he fails to do so, he is in no position to complain.

"In view of the character of the testimony in this case, the trial court could either disregard entirely the testimony of Lee and Attaway or he could believe the testimony of Gilbreath that the discussion as to conflict occurred after the verdict had been reached. Either finding would support his order overruling the motion for a new trial, and his finding is conclusive in the appellate courts. International-Great Northern R. Co. v. Hawthorne, 131 Tex. 622, 116 S.W.2d 1056; Texas & P. R. Co. v. Foster, Tex. Civ.App., 58 S.W.2d 557, error dismissed."

■ We feel that our quotation from the testimony of the two jurors hereinabove set forth, while necessarily brief, is sufficient to support the findings of the trial court which must be presumed in favor of the order overruling the motion for new trial.

Judgment affirmed.