Roy C. RASH and Ross C. Watkins, Inc., Appellants,

v.

Jose F. ROSS, Guardian, Ronald C. Guyer and Henry Gorman Ritchie, Jr., et al., Appellees.

No. 14069.

Court of Civil Appeals of Texas.

San Antonio.

June 5, 1963.

Rehearing Denied Sept. 4, 1963.

Moursund, Ball & Bergstrom, San Antonio, for appellants.

Oliver & Oliver, San Antonio, L. B. Cooper, Cotulla, John G. Murray, Pearsall, Reid & Taylor, House, Mercer, House & Brock, San Antonio, Sorrell, Stone & Waller, Corpus Christi, Clemens, Knight, Weiss & Spencer, F. Nolan Welmaker, San Antonio, for appellees.

POPE, Justice.

Three groups of plaintiffs have sued for and recovered judgments against Roy C. Rash, d/b/a Border Construction Company, and Ross C. Watkins, Inc., hereafter called defendants. Henry Gorman Ritchie, Sr., was driving south on Highway 81, between Cotulla and Dilley and had a head-on collision with a vehicle driven by Ronald C. Guyer who was going north. Jean Raymond Ludeke was Guyer's passenger guest. Ritchie and Ludeke were killed in the accident. Guyer, Ritchie's widow and children, and Ludeke's executor and the guardian of his children, all sued the defendants. The plaintiffs will be referred to as the Ritchies, Guyer and Ludekes.

Defendants were contractors for the construction of eight miles of Highway 81 in which area the accident occurred. The jury found that defendants were negligent in failing to have warning signs for persons using the highway, in failing to have lighted flares designating the proper path for vehicular traffic use, in failing to have warning flags designating the proper path for vehicular traffic use, and in failing to have a marking down the center of the road in question to designate the proper path for vehicular traffic use. Each of these failures was a proximate cause of the collision. The form of these issues is attacked because each question limited the inquiry to the "time and place in question."

We overrule the point. Bennette v. Hader, 337 Mo. 977, 87 S.W.2d 413, 101 A.L.R. 1190; Lake Shore & M. S. Ry. Co. v. Johnsen, 135 Ill. 641, 26 N.E. 510, 512.

## RITCHIE JUDGMENT

■ Defendants pleaded that Ritchie was contributorily negligent as a matter of law, in that he violated the statutory standards of §§ 52 and 53, Art. 6701d, Vernon's Ann.Civ.Stats., which required Ritchie to drive on his right side of the road. Lewis v. Reichel, Tex.Civ.App., 256 S.W.2d 216. Ordinarily, negligence per se is submitted in two issues, one that inquires about the conduct claimed to be violative of the statute, and the other about proximate cause. When it is claimed, as Ritchies do, that the statutory violation was excused and excuse is properly raised, statutory negligence is dissolved, and the common law negligence issue is submitted. The court submitted the issues about Ritchie's contributory negligence in that manner. The jury found, supported by the evidence, that Ritchie drove his vehicle to the left of the center of the traveled portion of the highway immediately before the collision, but that this was not negligence. Although the proximate cause issue was conditionally submitted, the jury answered the issue and found that the act was a proximate cause of the collision.

■■ Defendants contend that the answer which convicted Ritchie of violating the statutory standard, together with the proximate cause answer, established negligence per se. This argument disregards the fact that Ritchies established their excuse for being on the wrong side of the road. Violations of the traffic law, such as driving on the left side of the road in violation of a statute may, in particular circumstances, be excused. Cunningham v. Suggs, Tex.Civ.App., 340 S.W.2d 369; Phoenix Refining Co. v. Powell, Tex.Civ. App., 251 S.W.2d 892; Killen v. Stanford, Tex.Civ.App., 170 S.W.2d 792; Dixie Motor Coach Corp. v. Swanson, Tex.Civ.App.,

41 S.W.2d 436, 438; Taber v. Smith, Tex. Civ.App., 26 S.W.2d 722, 725; Hicks v. Morgan, Tex.Civ.App., 259 S.W. 263; Hodges, Special Issue Submission in Texas, 67.

■ The evidence in support of excuse justified the submission of the common law negligence issue instead of submitting the case as one of statutory negligence. Ritchie was across the center line, but he was following the road on which the pavement had been scraped away. As he proceeded south, he came upon an unlighted area at a point where there was new pavement. The new pavement angled across the old pavement toward the northwest. The confusing result at night was that at the junction of the scraped road with the new pavement, one could hardly tell where one's side of the road was. A highway patrolman described a shallow ditch which had been built across the road. As one crossed it, he said that the ditch would pitch a vehicle to the left. There was no center stripe. The evidence supports the submission and finding of Ritchie's justification in being across the center line. The jury in answering, unnecessarily, the proximate cause issue in the affirmative, did nothing more than find that Ritchie's faultless act in driving across the center line caused the accident. The trial court properly gave judgment on the verdict for the Ritchies.

## GUYER JUDGMENT

■ Plaintiff Guyer, who was northbound when he ran into Ritchie's southbound car, recovered a judgment notwithstanding the jury verdict. The jury found that Guyer was contributorily negligent in that (1) he drove his vehicle to the left of the center of the traveled portion of the highway, and (2) this was a proximate cause of the collision. These findings defeat Guyer's right to recover, and the court should not have disregarded them. Not until Guyer filed his motion for judgment notwithstanding the verdict, did he ever rely upon excuse as a justification for his violation of the statutory standard of care.

■ Plaintiff Guyer did not plead excuse. Guyer asserted defendants' negligence. Defendants answered by a plea that Guyer was contributorily negligent as a matter of law. Defendants specifically pleaded that Guyer failed to drive on the right side of the road in violation of Section 52, Article 6701d, and that he also failed to give at least one-half of the main traveled road to the approaching vehicle in violation of Section 53 of the same statute. This was a clear pleading of statutory contributory negligence to which no exceptions were leveled. Texas Co. v. Betterton, 126 Tex. 359, 88 S.W.2d 1039; Lane v. State, 165 Tex.Cr.R. 222, 305 S.W.2d 595; Lewis v. Reichel, Tex.Civ.App., 256 S.W.2d 216. Guyer's pleadings gave no notice that he was relying upon excuse as a justification for the claimed violation. A failure to plead an inferential rebuttal defense permits proof, but does not entitle one to an issue on such a defense. Rule 279, Texas Rules of Civil Procedure; Kiel v. Mahan, Tex.Civ.App., 214 S.W.2d 865, 867; Great Atlantic & Pacific Tea Co. v. Garner, Tex.Civ.App., 170 S.W.2d 502; City of Coleman v. Smith, Tex.Civ.App., 168 S.W.2d 936.

Guyer did not prove excuse. His theory of facing the charge that he was contributorily negligent was by way of a strict denial. In the course of the trial he did not seek to excuse his being on the wrong side of the road; he steadfastly denied that he was anywhere except on the right side. He denied the violation, and stood upon his denial.

■ Guyer did not request an issue which would have presented the excuse issue to the jury. This was in keeping with his pleadings, proof and theory of the case. The trial court accordingly submitted the two issues which inquired about the pleaded statutory violation and proximate cause. To this stage, defendants affirmed Guyer's violation, and he denied it. This was in keeping with the pleadings of statutory contributory negligence by defendants and the theory of overcoming it by plaintiff Guyer. If Guyer desired a different charge, one which would inquire about excuse, what was he required to do? In our opinion, it was his duty to request the issue. Phoenix Refining Co. v. Powell, Tex.Civ.App., 251 S.W.2d 892, has some helpful suggestions. It states that the one who seeks to avail himself of excuse for violation of a penal statute, should go forward with the evidence and raise an issue. Phoenix says that the trial court should then make a preliminary determination whether excuse has been raised, and if so, it should submit an excuse issue. In our opinion, somebody had the duty of requesting the issue, which is something more than merely inviting the court to make a preliminary decision. Guyer had that duty.

■ Excusable or justifiable violation of a penal statute is an inferential rebuttal issue. Sec. 25, Hodges on Special Issue Submission in Texas. Guyer owned the excuse issue, because he was the one who would benefit from it. Logically, he would be the one who should request it, for he is the one who wanted it. Excuse could help him because it would overcome findings of statutory contributory negligence. It was a rebuttal to the claim that Guyer was contributorily negligent. If Guyer excusably violated the statute, the excuse would serve as an inferential fatal inconsistency with the idea that Guyer was contributorily negligent. This is so for the same reason that one is not negligent if there is an unavoidable accident, and because A is not a cause of an accident, if B is the sole proximate cause of an accident.

■ The burden of persuading the jury that Guyer was contributorily negligent remained at all times on the defendants. But the burden to request an issue about Guyer's excusable violation of the statute was not on the defendants. They contended that there was a statutory violation. Guyer could have claimed, but did not claim an excusable statutory violation, but if he did, it was his issue and he should

have requested it. He should have requested it for the same reason that one who relies upon unavoidable accident or sole proximate cause must request it. These issues too, must be disproved by the party who does not request them, because they are inferential rebuttal issues. Sec. 71, Hodges on Special Issue Submission in Texas.

If Guyer had pleaded, proved, and requested an excuse issue, the court should then have submitted Guyer's excuse theory. It could have done this, as it did in the case of Ritchie, supra, by asking three issues: (1) whether there was a statutory violation, (2) whether it was negligence, using the common law standard, and (3) whether it was a proximate cause. See Ratliff, Negligence per se in Texas, 41 Tex.L.Rev. 104, 117, for other suggestions about the special issue form. If the case had been submitted in that manner, defendants would have kept the burden of persuasion on all three issues. By arguing the second of the above issues defendants would need to negative Guyer's claim of excuse in order to obtain a finding that Guyer was negligent. This is a true inferential rebuttal issue.

Guyer passed the pleading, evidence, charge and verdict stage before he ever injected excuse into the case as his theory to overcome his own contributory negligence. Under these circumstances, the court correctly submitted issues which presented defendants' theory of statutory negligence. The jury found that Guyer was contributorily negligent as a matter of law, and judgment should have been rendered upon that verdict. That part of the judgment should be reversed and rendered that Guyer take nothing.

## LUDEKE JUDGMENT

 Ludeke was killed while riding as a passenger with Guyer. He is not chargeable with the negligence of Guyer, and defendants make no contention that he is. They urge that the trial court erred in refusing to submit issues that he was contributorily negligent in failing to keep a look out. Only in exceptional circumstances, such as would cause the passenger to know or believe that he can not trust the vigilance of the driver, is there a duty on the passenger to keep a look out. Edmiston v. Tex. & N. O. R. Co., 135 Tex. 67, 138 S.W.2d 526; Schumacher Co. v. Shooter, 132 Tex. 560, 124 S.W.2d 857. These circumstances are not present in this case. Larson v. Missouri-Kansas-Texas R. Co. of Texas, Tex.Civ.App., 254 S.W.2d 215; Davis v. Shafer, Tex.Civ.App., 222 S.W.2d 145; Harrison v. Southwest Coaches, Tex.Civ.App., 207 S.W.2d 159; Safeway Stores, Inc. of Texas v. Webb, Tex.Civ.App., 164 S.W.2d 868; Harper v. Texas & P. R. Co., Tex.Civ.App., 146 S.W.2d 426; International-Great Northern R. Co. v. Lucas, Tex.Civ.App., 123 S.W.2d 760; City of Uvalde v. Stovall, Tex.Civ.App., 279 S.W. 889. The Ludeke judgment will stand.

 Defendants have other points which must be discussed. Plaintiffs offered certain pictures in evidence which portrayed the scene of the accident the day after the fatal collision. These showed that a white stripe was then painted to identify the center of the road, and particularly as the black colored new pavement ran into the dull colored old pavement. While post-accident safety precautions may not be proved, this rule does not forbid proof of conditions of a thing or place at the time of an injury, even though to prove it one must also show the changes. The trial court admitted the pictures and instructed the jury to regard the scene as it was at the time of the accident, and to disregard any alterations. The pictures were properly admitted. City of Beaumont v. Dougherty, Tex.Civ.App., 298 S.W. 631; Winnsboro Cotton Oil Co. v. Carson, Tex.Civ.App., 185 S.W. 1002; Missouri K. & T. R. Co. v. Rose, 19 Tex.Civ.App. 470, 49 S.W. 133; 2 McCormick and Ray, Texas Law of Evidence, § 1171; 62 A.L.R.2d 1296, 1309.

 Jury misconduct is another point. Only one form is urged, and it is that the

jurors discussed the pictures which portrayed post-accident safety precautions. Three jurors testified, and only two mentioned any discussion about painting the center stripe on the road after the accident, or other safety precautions. Juror Akraman recalled mention of the center stripe, but its mention by the jury, according to her, was in this fashion: "it was brought up and every time we looked at the pictures someone would say * * * they mentioned the center stripe, they'd say that it wasn't in evidence, that we weren't supposed to take that into consideration, but there was talk." She denied that there was any discussion of warning signs, metal flags or flares that were set out after the accident. The trial court overruled the motion for new trial without findings. This could mean, by the implied finding on the basis of this evidence, that there was no misconduct at all. Kimble v. Younger Bros.-J. M. English Truck Lines, Tex.Civ. App., 283 S.W.2d 254, 257. In any event, the misconduct was rebuked every time it was brought up and was harmless. Putman v. Lazarus, 156 Tex. 154, 293 S.W.2d 493; Ford v. Carpenter, 147 Tex. 447, 216 S.W. 2d 558.

■ The judgment of the trial court is accordingly affirmed insofar as it rendered judgment for those who claim through and under Henry Gorman Ritchie, Sr., and Jean Raymond Ludeke. The judgment is reversed and rendered that Ronald C. Guyer take nothing. Since appellants prosecuted this appeal with success as to Guyer, but not as to the other two groups of defendants, one-third of the costs are adjudged against Guyer, and the other costs are adjudged against appellants.

### On Motion for Rehearing.

The point in the motion for rehearing about defendants' right to contribution from Guyer was not preserved.

The motions for rehearing by Guyer and the defendants are overruled.

MURRAY, Chief Justice (dissenting in part).

I concur in the disposition made of this cause insofar as it affirms the judgment in favor of those who claim through and under Henry Gorman Ritchie, Sr., and Jean Raymond Ludeke, but I do not concur in that part of the judgment which reverses and renders the judgment as to Ronald C. Guyer, and orders that he take nothing.

The jury found the defendants below, Roy C. Rash and Ross C. Watkins, Inc., who are the appellants here, guilty of numerous acts of negligence, of which each was a proximate cause of the collision here involved. Rash and Watkins were the contractors who were rebuilding Highway 81 at the point where the collision occurred. The jury found that appellants failed to have warning signs for persons using Highway 81 at the time and place in question; that they failed to have lighted flares designating the proper path for vehicular traffic use; that they failed to have warning flags designating the proper paths for vehicular traffic use at the time and place in question; that they failed to have a marking down the center of the road in question to designate the proper path for vehicular traffic use at the time and place in question; that each and every one of these acts of negligence was a proximate cause of the collision in which Guyer was injured. All of these jury findings were supported by sufficient evidence and have been upheld by the majority. The jury also found that Guyer did not fail to keep a proper lookout immediately prior to the collision; that he did not fail to keep proper control of his vehicle; that he did not drive his vehicle at a greater rate of speed that a person of ordinary prudence would have driven it under the same or similar circumstances; that Guyer did not drive his vehicle in excess of the posted speed limit of forty-five miles per hour. The only two issues answered by the jury against Guyer were Issues Nos. 30 and 31.

"SPECIAL ISSUE NO. 30.

"Do you find from a preponderance of the evidence that Ronald C. Guyer drove his vehicle to the left of the center of the traveled portion of the highway immediately prior to the collision in question?"

The jury answered "Yes."

"SPECIAL ISSUE NO. 31.

"Do you find from a preponderance of the evidence that the act of Ronald C. Guyer in driving his vehicle to the left of the center of the traveled portion of the highway, if any, was a proximate cause of the collision in question?"

The jury answered "Yes."

It is quite clear that the question as to whether or not Guyer was negligent in driving his vehicle to the left of the center of the traveled portion of the highway immediately prior to the collision was not submitted to the jury, and unless under all the evidence and circumstances in this case the jury has found that Guyer violated the law in driving on the wrong side of the traveled portion of the highway, without excuse or justification, then the judgment of the trial court in this case should be affirmed. The majority say that Guyer did not expressly plead excuse or justification and did not request an issue on these matters, that such issue was thereby waived, and that he is not now in a position to contend that he was excused and justified for traveling on the wrong side of the highway. With this contention I do not agree. Guyer is not complaining because special issues on "excuse" and "justification" were not submitted and answered by the jury. He is only contending that appellants waived their right to have the jury pass upon Guyer's negligence and are bound by the implied finding of the trial court to the effect that Guyer was not negligent.

Rash and Watkins, appellants herein, specifically plead Guyer's contributory negligence as they were required to do by Rule 94, T.R.C.P., and the burden was upon them to offer evidence and secure findings which would prevent Guyer's recovery in this case on account of his own contributory negligence. So this presents the question of whether or not under all the facts and circumstances Guyer was guilty of negligence per se or whether or not he was at most guilty of common law negligence, which would be a fact issue to be decided by the jury in the first instance, and if not submitted to them, a matter to be determined by the trial court when he rendered his judgment.

The evidence in this case shows that Rash and Watkins had torn up the road at the point where the collision occurred and had not sufficiently marked that portion of the road which was to be traveled by the public; a duty placed upon them by the provisions of their construction contract. The evidence shows that they had constructed a new Highway No. 81, which was to the west of old Highway 81, and parallel to it, but it was not yet open for travel. Appellants had scraped the top off old Highway 81, and had covered it with loose gravel. They had constructed a paved road with a dark top, which came up to the point near where the collision occurred, and then curved to the left, across to the new highway. Guyer was traveling on this dark top road near the right-hand edge of the pavement when he arrived at the point where the old Highway 81 had been torn up and loose gravel placed over it, and there was nothing to indicate that he should not travel on the loose gravel. There was a sign on new Highway 81, but it was placed at such a position that it could not be seen by Guyer, while he was traveling on the dark-topped pavement. When Guyer arrived at a point near where the collision occurred he suddenly saw a car with bright lights bearing down upon him. The lights were so bright that he could not look at them, and as a result of this sudden emergency the head-on collision occurred.

In determining whether Guyer is guilty of negligence per se as a matter of law, or whether at most he is only guilty of com-

mon law negligence, we must view the evidence in the light most favorable to him. When this is done it would seem that to permit appellants to escape liability in this case because Guyer was unable to determine where the center of the traveled portion of the highway was located, due to the negligence of appellants, would be to permit appellants to profit by their own negligence.

Furthermore, before one could be convicted of violating a criminal law there must be an intention, expressed or implied, to violate the law. It was never intended that under the circumstances shown in this case a person was to be convicted of failing to drive on the right-hand side of the road when, under the confused conditions that existed on the night of the collision, he was unable to determine where the traveled portion of the highway was, much less where the center line would be. The jury only found that Guyer drove to the left of the center of the traveled portion of the highway. Guyer would not be permitted to contend that he was ignorant of the law which required him to drive on the right-hand side of the traveled portion of the highway, but he would be permitted to contend that, under all the facts and circumstances as shown in this case, he did not know where the traveled portion of the highway was located, much less the right or left side thereof. Art. 41, Vernon's Ann.Texas Penal Code reads as follows:

> "If a person laboring under a mistake as to a particular fact shall do an act which would otherwise be criminal he is guilty of no offense, but the mistake of fact which will excuse must be such that the person so acting under a mistake would be excusable had his conjecture as to the fact been correct, and it must also be such mistake as does not arise from a want of proper care on the part of the person so acting."

Guyer was entitled to offer evidence and argue to the jury that he was not guilty of negligence per se, for all of these reasons and circumstances, and, furthermore, that he was not even guilty of common law neg-

ligence. Rule 279, T.R.C.P.; Tarry Warehouse & Storage Co. v. Duvall, 131 Tex. 466, 115 S.W.2d 401; Cunningham v. Suggs, Tex.Civ.App., 340 S.W.2d 369; Permian Mud Service, Inc. v. Sipes, Tex.Civ.App., 339 S.W.2d 81; Davis v. Massey, Tex.Civ. App., 324 S.W.2d 242; Phoenix Ref. Co. v. Powell, Tex.Civ.App., 251 S.W.2d 892; Bailey v. Walker, Tex.Civ.App., 163 S.W.2d 864; Taber v. Smith, Tex.Civ.App., 26 S. W.2d 722.

There can be no doubt in this case that at least the evidence was sufficient to raise an issue as to excuse and justification for Guyer's wrong-side driving, and that therefore he was not guilty of negligence per se. The issue of common law negligence was not requested or submitted to the jury, and under all the facts and circumstances in this case it was the duty of appellants to secure a finding of the jury that Guyer was guilty of common law negligence in driving on the wrong side of the traveled portion of the highway, if they were to defeat their liability on their defense of contributory negligence. Appellants failed to do this, and thus they waived a jury finding on Guyer's negligence and in effect agreed that the issue might be decided by the trial court when he rendered his judgment. Rule 279, T.R. C.P.

When the trial court rendered judgment in favor of Guyer, it in effect determined that he was not guilty of negligence per se, and found as a fact that he was not guilty of common law negligence, and therefore was entitled to recover his damages.

The majority contend that Guyer should have requested a special issue on justification and excuse. It is plain that he would not have been entitled to such an issue under his general denial, and I agree with the majority that the court did not err in failing to submit such an issue. Rule 279, T.R.C.P. But this does not excuse the appellants for their failure to secure the submission of an issue, together with a jury finding thereon, which was vital to their defense as to whether or not Guyer was guilty of negligence for wrong-side driving at the time and place

of the collision. This matter is made very plain by Professor Hodges in his book on Special Issue Submission in Texas. Section 17, page 46, reads as follows:

"Under a general denial, however, a party may introduce evidence of inferentially rebutting facts and argue such facts to the jury as presenting evidence demanding a negative answer to his opponent's issues submitting the elements of his cause of action or defense. For example, the defendant can offer evidence that a third person's conduct was the sole proximate cause of plaintiff's injuries, and in his argument to the jury may argue that the issue inquiring if defendant's negligence was a proximate cause of plaintiff's injuries should be answered 'no' because the evidence shows that the third person's conduct was the only cause and therefore that defendant's conduct could not be a proximate cause at all. It is quite clear, however, that special pleading is necessary to the submission of an affirmative issue, and that a general denial will not allow the submission of an inferential-rebuttal issue."

The law concerning the situation which we find here is well expressed in Phoenix Refining Co. v. Powell, Tex.Civ.App., 251 S.W.2d 892, wherein Judge Norvell, speaking for this Court, said:

"As above indicated, the question of applying the provisions of a penal statute as a standard for determining civil liability is one for the decision of the civil court. Likewise, the matter of recognizing an excuse for violation of a penal article, once it has been adopted as a standard, presents a preliminary matter for the court. When a violation of a criminal statute (suitable for determining civil liability) is shown and nothing more, it is wholly unnecessary to submit the reasonably-prudent-man standard of negligence. The violator of the statute is guilty of negligence as a matter of law. (Citing authorities.)

"It would logically follow that whenever evidence is submitted tending to show that the violation of the statute was excusable or justifiable or constituted at most a mere technical violation for which civil liability should not be imposed the trial court should submit the reasonably prudent man test in some form. In other words, if the evidence fairly raises the issue of excuse, then, in addition to the question of the commission of a criminal act an issue embodying the reasonably prudent man standard of negligence should be submitted. (Citing authorities.)

"From a reading of the cases cited, the following rules may be deduced:

"1. A violation of a penal statute which contains an appropriate standard for determining civil liability, constitutes negligence as a matter of law.

"2. This rule is not inexorable. The party violating the statute may assume the burden of going forward with the evidence and raise an issue as to an excusable violation.

"3. If said party bring forward sufficient evidence to raise the issue (and this is a preliminary matter for decision of the trial court), then the issue of negligence determined by the reasonably prudent man standard should be submitted.

"4. The burden of proof upon this issue rests with the party asserting negligence, for upon him rests the burden of proof as distinguished from the burden of going forward with the evidence."

It is plain that when the record contains evidence which raises an issue that a plaintiff is to be excused or justified in wrong-side driving, negligence per se passes out of the case, and at most you have remaining a question of common law negligence.

I would affirm the entire judgment of the trial court.