### JESSEE PRODUCE CO. v. EWING et al.
### No. 11995.

Court of Civil Appeals of Texas. Galveston.
July 28, 1948.

Rehearing Denied Sept. 30, 1948.

Fulbright, Crooker, Freeman & Bates and M. S. McCorquodale, all of Houston

(Kraft W. Eidman, of Houston, of counsel), for appellant.

Shirley M. Helm, Albert P. Jones and Helm & Jones, all of Houston, for appellees.

CODY, Justice.

This was a suit to recover for the death of W. O. Ewing (hereafter referred to as deceased) resulting from the collision of the automobile he was driving with a truck belonging to appellant and which was being driven by appellant's driver, J. E. Jessee. The suit was brought by the deceased's widow in her own right and as the representative of the three minor children of hers and deceased. The deceased's mother, joined by her husband, was also a plaintiff in the case.

In response to special issues submitted to them, the jury found:

(1) That appellant's truck was being operated at a rate of speed in excess of what a person of ordinary care and prudence in the exercise of such care and prudence would have operated such vehicle under the same or similar circumstances. (2) That this was a proximate cause of the collision.

(3) That appellant's truck driver failed to keep the truck entirely to his right of the center of the highway. (4) That this was negligence. (5) And a proximate cause.

(6) That the deceased was driving a Pontiac so that some portion of it was on his left hand side of the center of the highway. (7) That this was not a failure to exercise the degree of care that a person of ordinary care would have used under the same or similar circumstances. The jury did not answer special issue No. 8 which inquired (in case the jury found negligence in answer to special issue No. 7) if such negligence was a proximate cause of the collision. (9) That the deceased failed to have the headlights of the Pontiac burning. (10) But that this did not constitute a failure to exercise that degree of care which a person of ordinary prudence in the exercise of ordinary care would have used under the same or similar circumstances.

Based on the foregoing findings and upon the damages-issues as found by the jury,

the court rendered judgment for Mrs. Ewing in her own right for the sum of $10,000.00 and rendered judgment in her favor as representative of her three children as follows: For Robert, $1000.00; for Helen, $1500.00; for Joy $2500.00. No recovery was awarded to deceased's mother.

The appellant predicates its appeal upon fourteen points. Points 1–2, inclusive, urge that the cause be reversed and rendered because of certain jury findings. Points 3–5, inclusive, urge the insufficiency of the evidence to support the jury's findings on certain issues. Points 6–9, inclusive, urge as error the refusal of the court to submit to the jury certain issues requested by appellant. Points 10–14, inclusive, urge as error the court's action with respect to the widow's behavior in the presence of the jury and the argument of the counsel of appellees to the jury.

The collision occurred about dusk on Christmas Eve 1945, on the highway between Baytown and Houston, commonly called Market Street Road, about midway between the communities known as Four Corners and Wooster. The stretch of highway at which the collision occurred is straight and level. The paved portion of the highway is 20 feet in width, and the highway then has broad shoulders, which, next to the pavement, are constructed of shell and the rest of the shoulder is covered with grass. The highway runs north, or toward Houston, and south, or toward Baytown. The deceased was driving a Pontiac sedan south towards Baytown from the place where he had been to a Christmas Eve party annd where he had had some drinks consisting of whiskey and 7-Up. Appellant's driver Jessee, was driving the Dodge north towards Houston. No one was in the Pontiac except the deceased, and no one except Jessee was in the truck. It was undisputed, and the jury found, that the headlights on the Pontiac were not burning. The headlights on the truck were burning. There was a heavy growth of timber on the west side of the highway along the stretch where the collision occurred, which gave the effect of a tunnel, decreasing the light. From the view we take of the case we need not make any additional statement of facts which, as presented by appellant, is voluminous and complicated.

■ As indicated above, the jury found in answer to special issue No 6, that, at the time of and immediately before the collision, the deceased was driving a Pontiac sedan so that a portion thereof was on his left hand side of the center of the highway. Article 801(A), Penal Code, prescribes as a civil duty that: "On all occasions the driver or operator of any vehicle upon any public highway shall travel upon the right hand side of such highway unless the road on the left hand side of such highway is clear and unobstructed for a distance of at least fifty yards ahead." Texas Company v. Betterton et al., 126 Tex. 359, 362, 88 S.W.2d 1039. The undisputed evidence shows that the deceased, in driving the Pontiac at least partially on the wrong side of the highway, violated the duty thus imposed on him by law and so was guilty of negligence per se. See Wright v. McCoy, Tex.Civ.App., 131 S.W.2d 52 and authorities there cited.

■ The court below, notwithstanding the rule of law just referred to, submitted an issue to the jury inquiring whether the deceased "in driving the Pontiac sedan so that some portion thereof was on the left hand side of the center of the highway * * * failed to exercise that degree of care which a person of ordinary care would have used under the same or similar circumstances." This inquiry, submitted as special issue No. 7, was by the jury answered in the negative. Under the undisputed facts in this case, it was a question for the court to determine, as the action inquired about was in direct violation of the law, and the court should not have submitted the issue to the jury, but should have himself determined if same was negligence and, as hereafter indicated, should have submitted to the jury the issue of whether said negligence was a proximate cause of the collision. For this error the judgment is reversed, and the cause remanded for a new trial.

Appellees recognized that the deceased, by driving on the wrong side of the road,

was technically violating the law, but they rely on such cases as Hicks v. Morgan, Tex. Civ.App., 259 S.W. 263, 265, where it was said: "If, immediately before the actual collision of the cars, appellant was traveling on his right-hand side of the road, as the law required, and if the appellee was traveling on his left-hand side of the road, as appellant had alleged and introduced evidence to prove, and if it reasonably appeared to appellant that it was necessary, in order to avert a collision of the cars, for him to swerve his car to the left, and if in doing so he did that which an ordinarily prudent person would have done under the same or similar circumstances, he certainly was not guilty of negligence in that respect."

And appellees also rely on such cases as Taber v. Smith, Tex.Civ.App., 26 S.W.2d 722, 725, where it was said: "Proof that the truck was being operated in violation of a statute or ordinance, does not conclusively establish actionable negligence on the part of the defendants or their delivery man, in driving the truck slowly, although without lights. Though he was acting technically in violation of the state law, nevertheless, if the evidence tended to show that he was using such a degree of care as an ordinarily diligent and careful person would exercise under the same or similar circumstances, the issue of negligence was one of fact and the defendants' special issue No. 2, should have been given."

▮ However, it will be found in every case, where it has been held that a jury question was made out of whether driving on the wrong side of the road was negligence, there was evidence from which it could have been legitimately inferred that such violation of law was justified. In the present case there was no evidence whatever as to why the deceased was driving on the wrong side of the road. Appellees would surmise that the deceased was driven into a panic by the high rate of speed at which appellant's truck was being driven and by the fact that said truck had not been driven back entirely on the east side of the highway. This is speculation, and the record is entirely silent as to the reason the deceased was on the wrong side of the road, nor is there any basis for a legitimate inference as to why the deceased was driving on the wrong side of the road.

▮▮ Appellant contends that the court should also have found, as a matter of law, that the deceased's action in driving on the wrong side of the road in addition to being negligence, was a proximate cause. However, the court would have been justified in taking the issue of proximate cause from the jury only if the evidence was such that reasonable minds could not differ upon the proposition that such negligence was the proximate cause of the accident. The evidence before the jury was conflicting, particularly with respect to the speed at which the truck was being driven, and we think that reasonable minds could differ as to whether or not the negligence of the deceased in driving on the wrong side of the road was the proximate cause of the accident. The court did not err in submitting the question of proximate cause. In all probability, the questions of the behavior of the widow in the presence of the jury, and of the argument of counsel which are assigned by appellants as error, will not arise on another trial.

Reversed and remanded.