**John DOBBINS et al., Appellants,**

v.

**Leo Clay CULP et al., Appellees.**

**No. 10684.**

Court of Civil Appeals of Texas.

Austin.

July 15, 1959.

Rehearing Denied Aug. 5, 1959.

Cofer & Cofer, Douglass D. Hearne, Austin, for appellant.

Coleman Gay, James R. Meyers, Austin, for appellee.

ARCHER, Chief Justice.

This is an appeal from an adverse judgment based on jury findings growing out of a suit for personal injuries instituted by appellants against appellees arising from a collision between an automobile in which appellants were passengers and a truck owned by Edmiston and driven by Culp, occurring at the intersection of East 19th Street and Airport Boulevard in Austin on December 23, 1957.

The case was submitted to a jury on twenty six special issues and which were answered by the jury favorable to defendants, appellees herein.

The appeal is founded on seven points and are that the court erred in holding that there was sufficient evidence to support the jury's finding in answer to issue No. 4, which inquired if the act of Culp, while his view was blocked, in committing the truck to cross the intersection, was not negligence; that the answer was contrary to and in conflict with the overwhelming weight of the evidence; in holding that there was sufficient evidence to support the jury's answer to issue No. 5 that the act of defendant Culp in committing his truck to cross the intersection while his view was blocked was not a proximate cause of the collision; in holding that the jury's answer to issue No. 5 was not contrary to and in conflict with the overwhelming weight of the evidence; in holding that the jury's answer to issue No. 17, wherein the jury found that the turning movement of Davis' automobile was the sole proximate cause of the collision; in holding that the evidence was sufficient to support the jury's answer to issue No. 17; and in holding the answer of the jury was not contrary to and in conflict with the overwhelming weight of the evidence.

It is to be noted that appellants' complaint is directed to the insufficiency of the evidence to support the jury's findings and in conflict with and contrary to the overwhelming weight of the evidence.

In answer to issue No. 1 the jury found that Culp did not drive his truck at a greater rate of speed than a person of ordinary prudence would have done.

In answer to issue No. 3 the jury found that Culp committed his truck to cross through the intersection while his view of a portion of the highway was blocked, and found that such act was not negligence and not a proximate cause of the collision.

In answer to issue No. 6 the jury found that Culp kept a proper lookout and that a failure to sound the horn was not negligence or a proximate cause of the collision.

In answer to issue No. 15 the jury found that Davis turned his automobile to the left at the intersection before such turning movement could be made with safety, and that such was negligence and the sole proximate cause of the collision.

The jury found that the collision was not the result of an unavoidable accident.

The plaintiffs were not allowed any recovery.

Appellees contend that there was ample evidence to support the answers of the jury.

The statement of facts contains 368 pages and we have carefully read the testimony and believe that the answers of the jury find reasonable support and that the court did not err in entering judgment.

Lynn H. Rohe, a city policeman, called by appellants, testified as to the intersection and detailed to the jury a general description of the area, giving distances and the physical appearance and location of the vehicles subsequent to the collision. The officer said that Culp told him that he was driving approximately forty miles per hour. The witness testified that the outside lane in the southbound lanes is sixteen feet wide and the inside lane is twelve feet wide, and that the truck was traveling in the west lane.

The witness testified that the overall width of Airport Boulevard at the intersection was fifty four feet.

Mr. Hoffman called by the plaintiffs testified that Culp passed on the right with the green light at about forty miles an hour and could have been faster and the collision occurred; that he did not see the impact; that after the collision the witness said the truck was jackknifed on west 19th Street; that he saw three colored people in the street and one on the esplanade and that the car was down the street.

There was testimony as to the extent of the injuries and medical bills but such evidence is not material to a disposition of this appeal and we do not set it out.

Wade Taylor, one of the plaintiffs, testified as to his residence, marital status and age, and that on the day of the accident that he, his wife Ethel, one of the plaintiffs, John and Henry Davis were going to Austin to visit a sister-in-law who was in the State Hospital. That he was sitting in the back seat of the car being driven by Henry Davis; that he did not see the truck at the intersection; that he did not remember anything after the collision until the following day in the hospital and testified as to his injuries.

Mr. Culp, called as a witness by plaintiffs, testified that he was thirty four years old, not married and lived in Austin, and had been driving a truck for sixteen years and had a commercial operator's license; that he had been involved in previous accidents and was employed by J. T. Edmiston as a truck driver in August, 1957; that the truck he was operating had ten tires and that the foot brake operated the brakes on the truck and on the trailer; that on the day of the accident he was driving Edmiston's truck; that he saw the lights at the intersection and that the light was red when he first saw it; that he was driving approximately forty five miles an hour and as he proceeded toward the intersection

he leveled with his accelerator as the light was changing to green; that he was driving in the right hand lane and slowed down a little; that he was a city block away when the light changed to green. The witness said he saw two trucks turning left; that about 200 feet would be required to stop the truck at forty miles an hour; that it takes fifty feet to stop when going twenty miles an hour; that the length of the two standing trucks blocked his vision at the intersection temporarily and it was impossible for him to see anything ahead unless it was in his lane; that he did not see the Chevrolet sedan until it was just in front of him, moving in low gear, when the collision occurred; that the front part of the automobile had gotten into his lane; that after the collision his truck came to a stop over the curb; that just prior to approaching the intersection he did not apply his brakes because the green light was on; that after the collision he came back to the intersection and saw the people in the street, all of whom appeared to be unconscious.

The accident happened six feet north of the center line of the west portion of East 19th Street, and the truck driven by Culp was only sixteen feet into the intersection when the collision occurred.

Ethel Taylor, one of the plaintiffs, testified that she was 68 years old and was a passenger in the car driven by Davis; that the last thing she remembered was Davis saying "this is our street"; that the light was on and they stopped and that the next thing she remembered was the next day and detailed her injuries and stay in the hospital.

John Dobbins, one of the plaintiffs, testified that he was 78 years old and that he was in the car driven by Davis; that he did not remember anything about the collision and detailed his injuries and stay in the hospital.

Robert Myers, a witness called by the defendants, testified that he drives a truck,

was married, and had lived in Austin seven years; that he knew Culp and that Culp was a careful driver and that he did not know of any traffic violations charged against Culp.

J. T. Edmiston, one of the defendants, testified that he is foreman over the hot plant for Capital Aggregates and hired drivers for the company and employed Mr. Culp. The witness testified that he checked with other truck drivers and was told by a Mr. Myers that Leo Culp was a reliable and careful driver and met Culp and discussed with him the type of truck to be operated and Culp said that he had driven a trailer truck, but not a cable dump and that Culp was told that the difference in operation was in loading and unloading; that Culp showed his driver's license; that he observed how Culp operated a truck and that Culp appeared to be a competent driver; that he had not heard of any accidents involving Culp; that Culp remained in his employment for four or five months after the accident involved in this suit and that he did not have any other accidents. The witness owned the truck driven by Culp.

■ While we have not attempted to set out the testimony in detail we have read the record in its entirety, and the trial court and the jury saw the witnesses, heard the testimony and resolved the fact issues. We believe the verdict of the jury is supported by the evidence and that the court did not err in entering the judgment.

The jury acquitted Culp of any act of negligence and the act of committing the truck to cross through the intersection while a portion of his view was blocked was not a proximate cause of the accident and that Culp did not fail to keep a proper lookout and that the failure to sound his horn was not negligence and was not a proximate cause of the accident.

We do not believe that the verdict of the jury is so against the great weight and preponderance of the evidence as to be manifestly unjust.

Rules Nos. 451, 453 and 455, T.R.C.P.; In re King's Estate, 150 Tex. 662, 244 S.W.2d 660; Watson v. Prewitt, Tex.1959, 320 S.W.2d 815.

The jury found in answer to issues Nos. 8 and 9 that Davis, the driver of the car in which appellants were riding, failed to keep a proper lookout but that such was not the sole proximate cause of the collision. The jury found that Davis turned his automobile left at the intersection before such turning movement could be made in safety, which act was negligence and was the sole proximate cause of the accident.

Appellants contend that even if Davis was negligent that such was not the sole proximate cause of the accident.

This is essentially a fact case, tried before a jury, and no contention is made that any error was committed by the trial court or that the jury was guilty of misconduct.

■ Questions of negligence and causation are jury questions. DeWinne v. Allen, 154 Tex. 316, 277 S.W.2d 95.

Appellants rely on the rule that a motorist must exercise due care in asserting his right of way through an intersection, and contend that Culp breached a duty he owed to appellants, and that the jury's findings to the contrary is without support in the evidence and cite Intges v. Dunn, Tex.Civ.App., 311 S.W.2d 877, er. ref., N.R.E., and similar cases. Also appellants cite a number of cases to establish the rule that a motorist is negligent as a matter of law when he approaches a dangerous situation and exercises no care, such as Kypfer v. Texas & Pacific Ry. Co., Tex.Civ.App., 88 S.W.2d 528, writ dism.

In the instant case Culp was found to have been keeping a proper lookout and

was exercising care in his speed and in his lookout.

As we have stated, we believe that the evidence supports the findings of the jury and is not so against the great weight and preponderance of the evidence as to be manifestly unjust.

Appellants concede that the driver of the passenger car was negligent in turning suddenly to his left directly into the lane in which Culp admittedly had the right of way, but contend that such negligence could not have been the sole proximate cause of the collision but was only a contributing cause. As stated above, this was a question of negligence and causation and were for the jury to determine.

The judgment of the Trial Court is affirmed.