**PERMIAN MUD SERVICE, INC. et al.,**
Appellants,

v.

**Maggie SIPES, Appellee.**

No. 3555.

Court of Civil Appeals of Texas.

Eastland.

Sept. 9, 1960.

Rehearing Denied Oct. 7, 1960.

**804**

Crenshaw, Dupree & Milam, Lubbock, for appellants.

Scarborough, Black & Tarpley, Wagstaff, Harwell, Alvis & Pope, Abilene, for appellee.

GRISSOM, Chief Justice.

On December the 22nd, 1958, there was a collision of an automobile driven by Steve Boone, an employee of Permian Mud Service, Inc., then on a mission for his employer, with a "pickup" truck driven by Calvin Sipes, in which Mrs. Sipes was riding. The accident happened on a farm to market road in the country. Both Mr. & Mrs. Sipes were injured and Mr. Sipes eventually died as a result of the accident. The Fidelity and Casualty Company of New York, the workmen's compensation carrier for the employer of Mr. Sipes, paid Mrs. Sipes $9,928.16 compensation as a result of the injury and death of her hus-band. After the death of her husband, Mrs. Sipes sued Permian and Boone for the damages sustained by reason of her injuries in the collision. She did not sue for damages she suffered by reason of the injury and death of her husband. Said insurance company filed "Plaintiff's First Supplemental Petition", in the name of Mrs. Sipes, seeking to recover from Permian and Boone $11,172.00 for the injury and death of Mr. Sipes. The insurance company at the same time intervened in its own name, alleging that, as the insurance carrier for Mr. Sipes' employer, it had paid Mr. Sipes $9,928.16, which it sought to recover out of any amount received by Mrs. Sipes for the injury and death of her husband.

Mrs. Sipes filed a motion for a "separate trial", under Rules of Civil Procedure 174 (b), of her claim for damages (filed by said insurer in her name) by reason of the injury and death of her husband. The court sustained said motion and ordered separate trials of that claim and Mrs. Sipes' claim for her own injuries. The suit for her own injuries was tried first.

Upon a trial of Mrs. Sipes' claim based on her own injuries, a jury found that (1) Boone failed to keep a proper lookout, which was (2) a proximate cause of the collision; that (3) Boone was driving at a high and dangerous rate of speed, which was (4) negligence and (5) a proximate cause of the collision and that (6) $26,000.00 would compensate Mrs. Sipes for her injuries.

The jury also found that (7) Mr. Sipes did not fail to keep a proper lookout; it found that (9) he did fail to yield to Boone one-half of the main traveled part of the road, but that (10) this was not negligence. It did not answer the conditionally submitted issue of proximate cause in connection with issues 9 and 10. It found that (12) Mr. Sipes was driving on his left-hand side of the center of the paved road, but that (13) this was not negligence. It did not answer the conditionally submitted is-

sue of proximate cause relative to issues 12 and 13. Based on said findings, the court rendered judgment for Mrs. Sipes against Permian and Boone for $26,000.00. The defendants have appealed.

The plaintiff having moved for and the court having ordered a "separate trial" of Mrs. Sipes' claim for her own injuries and her claim based on her husband's injury and death not having been tried, we are first confronted with the question whether the judgment for damages by reason of Mrs. Sipes' own injuries, rendered in such a separate trial, is a final judgment, or whether it is interlocutory and no final judgment can be rendered and, therefore, no appeal had until after a trial of her claim based on the injury and death of her husband. The appellants, Permian and Boone, assert some doubt of the finality of the judgment, but, because of the uncertainty of the law, dared not fail to appeal. The Insurance company in an able brief suggests that since Mrs. Sipes' motion and the order for a separate trial were expressly based on R.C.P. 174(b), instead of R.C.P. 41, which provides for a "severance", there being neither motion nor order for a "severance" by that name, that the judgment rendered was not final and Boone and Permian have prematurely attempted to appeal.

■ One material phase of the question as to the finality of said judgment has been definitely determined. There can be no severance by implication. There must be an order for a severance in order that a final, appealable judgment may be rendered. Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co., 159 Tex. 550, 324 S.W.2d 200; Pierce v. Reynolds, 160 Tex. 198, 329 S.W.2d 76; Sears v. Mund Boilers, Inc., Tex.Civ.App., 328 S.W.2d 199, (Writ Ref.); Palmer v. D.O.K.K. Benevolent & Ins. Ass'n, 160 Tex. 513, 334 S.W.2d 149; Myers v. Smitherman, Tex.Civ.App., 279 S.W.2d 173.

■■ There can be no doubt but that Mrs. Sipes' claim by reason of her own injuries and her claim for damages based on the injury and death of her husband are severable causes of action. In Watson v. Watson, Tex.Civ.App., 270 S.W.2d 298, an order for a "separate trial", expressly based on R.C.P. 174(b), instead of R.C.P. 41, identical in all material respects with the order entered in this case, was held to be an order for a "severance" of the causes of action there asserted. The judgment entered in a separate trial of one of the causes of action was considered final and appealable. The judgment rendered in a separate trial of one of the causes of action was affirmed by the Court of Civil Appeals, 339 S.W.2d 81. An application for a writ of error was refused by our Supreme Court, with the notation "R.N.R.E". If the judgment rendered on one of the two causes of action asserted by the plaintiff in that case, under an order for a "separate trial", expressly based on R.C.P. 174(b), that cannot be distinguished from the order in this case, was not final and appealable the Court of Civil Appeals could not have affirmed the judgment and our Supreme Court could not have refused a writ. They would have been required to dismiss the appeal for want of jurisdiction, regardless of whether the error was assigned. We, therefore, conclude that our Supreme Court has held, in effect, that the present judgment is final and, hence, appealable. That conclusion finds support in the following decisions. Latshaw v. Barnes, Tex.Civ.App., 170 S.W.2d 531; Sterett v. Dyer, Tex.Civ.App., 230 S.W.2d 461, (Writ Ref.); Meridith v. Massie, Tex.Civ.App., 173 S.W.2d 799, (Writ Ref.); Lydick v. Fischer, 5 Cir., 135 F.2d 983. Also see 36 Tex.Jur. 339. We hold that the judgment rendered on Mrs. Sipes' severable cause of action for her own personal injuries is final and that we have jurisdiction of the appeal.

The substance of Boone's and Permian's points is that the court erred in overruling their motions for judgment and for judgment non obstante veredicto because it was undisputed, and the jury found, that Sipes

drove on his left side of the paved roadway and failed to yield one-half to Boone and, there being no evidence of circumstances excusing such conduct, Sipes' driving on the wrong side was negligence and a proximate cause of the collision as a matter of law. They also contend that the finding that Sipes was not negligent is not supported by any evidence, is contrary to the overwhelming weight of the evidence and clearly wrong and that the court erred in overruling their motion to disregard the findings that Sipes' driving on his left side and failure to yield one-half of the road were not negligence, because such acts were both negligence and proximate causes of the collision, as a matter of law.

■■ It is rarely held that proximate cause is established as a matter of law. Usually, it is a question of fact. But, regardless of whether Sipes' driving on his left was negligence, appellants had the burden of establishing the defense of contributory negligence, including the fact that Sipes' driving on his left was a proximate cause of the collision. To defeat Mrs. Sipes' recovery under the findings favorable to her it was incumbent upon appellants to obtain a finding that Sipes' driving on his left side of the road was a proximate cause of the collision. Mundy v. Pirie-Slaughter Motor Co., 146 Tex. 314, 206 S.W.2d 587, 590. Under a comparable situation, our Supreme Court said in Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359, 364:

"This Court recognized in Southland-Greyhound Lines v. Richardson, 126 Tex. 118, 86 S.W.2d 731, that excessive speed in meeting and passing another automobile could be a proximate cause of a collision with such automobile even if it were in the wrong traffic lane."

The court expressly rejected the contention that excessive speed could not be a proximate cause of the collision with an automobile on its wrong side.

■ Viewing the evidence in the light most favorable to Mrs. Sipes, as we are required to do in considering the contention that there was no evidence excusing Sipes' driving on his left, there was evidence to the effect that Boone was driving faster than 60 miles per hour; that it was very foggy down in a draw, near a culvert, where the Sipes' car was and where the accident occurred; that, although it was daylight, it was necessary to use lights on the pickup where Mr. Sipes was driving; that the fog was heavy and "awful bad" in low spots; that the road was not level and was wet; that about 375 feet from the place of collision Boone "topped a rise" and saw the Sipes' pickup angling over on Boone's side of the road; that the fog had "lifted" from the high spots; that Boone did not immediately do anything about slowing or stopping; that Boone could have stopped before he reached the place of collision, or he could have driven off the pavement and missed Sipes; that when Boone did apply his brakes he skidded 258 feet, straight down the pavement, hit Sipes' pickup, knocked it 50 feet and continued down the road 108 feet from the point of impact, and that the Sipes did not see the Boone car until it was "right on top" of them. There was sufficient evidence of circumstances excusing Sipes' driving on the left.

■ The jury had a right to conclude from the evidence that Boone was guilty of negligence in driving at an excessive speed and that such negligence was a proximate cause of the collision. We cannot hold as a matter of law that Sipes' driving on his left side was a proximate cause of the collision. See Phoenix Refining Co. v. Powell, Tex.Civ.App., 251 S.W.2d 892, (Ref. N.R.E.); Dobbins v. Culp, Tex. Civ.App., 326 S.W.2d 640 and Jessee Produce Company v. Ewing, Tex.Civ.App., 213 S.W.2d 750. Relative to the court's presumed finding that Sipes' act was not a proximate cause of the collision, we are required to view the evidence in the light most favorable to the judgment. Joe D.

Hughes, Inc., v. Moran, Tex.Civ.App., 325 S.W.2d 829, 831. We may not substitute our judgment for that of the court or jury even if we would have reached a different conclusion. Continental Bus System v. Biggers, Tex.Civ.App., 322 S.W.2d 1. It has been held that the speed of an automobile which collides with another which is on its wrong side of the road may be the proximate cause of the collision. Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359, 363; 47 A.L.R. 132; Womack v. Hazelwood, Tex.Civ.App., 271 S.W.2d 699, 701, (Ref. N.R.E.); Jessee Produce Company v. Ewing, Tex.Civ.App., 213 S.W.2d 750, 753.

In Mundy v. Pirie-Slaughter Motor Company, 146 Tex. 314, 206 S.W.2d 587, 590, our Supreme Court said:

"Mere proof that the defendant's agents were guilty of negligence per se or that they were guilty of negligence in fact, does not, of course, establish liability on the defendant's part. Plaintiff must go further and prove that such negligence was the proximate cause of the collision in which he was injured."

■ The jury found that Mr. Sipes' driving on his left side of the roadway was not negligence. But, negligence or not, Mrs. Sipes' recovery under the findings favorable to her is not defeated until Mr. Sipes' driving is established as a proximate cause of the accident. Whether Sipes' driving on his left was a proximate cause of the collision was conditionally submitted, to be answered only in the event it was first found that Sipes was negligent. Having found that he was not negligent, in accord with the court's instruction, the jury did not answer whether Sipes' act was a proxi-

mate cause. We cannot hold as a matter of law that it was a proximate cause. Appellants did not object to the conditional submission of proximate cause. They thereby waived their right to have the jury answer that issue and permitted the court to find, as it presumably did, that Sipes' driving on his left side of the roadway was not a proximate cause of the collision. In Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, 991, our Supreme Court said:

"We believe that the cited cases correctly hold that it is incumbent upon a party asserting an affirmative defense to see that the jury answers all essential elements of the defense in his favor, or to object to the submission of the case to the jury in such manner that an answer on an essential element will be prevented. Petitioner could have insisted that if the jury found that the respondent failed to keep a proper lookout, then they should answer the issue as to whether such failure was a proximate cause of the collision. Petitioner did not so insist. It therefore follows, under the cases cited and under Rule 279, that petitioner waived its right to a jury answer on the unanswered issue on proximate cause and that this issue must be taken as having been answered by the court in such manner as to support the judgment."

See also Clark v. National Life and Accident Ins. Co., 145 Tex. 575, 200 S.W.2d 820 and Texas Employers Insurance Ass'n v. Ray, Tex.Civ.App., 68 S.W.2d 290, 295, (Writ Ref.).

All of appellants' points have been considered and are overruled. The judgment is affirmed.