**Mark T. MELTON, Appellant,**

v.

**TARRANT UTILITY COMPANY, Inc.,**
**Appellee.**

No. 16133.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 7, 1960.

Jerry Murad, Herrick & McEntire and George Busch, Fort Worth, for appellant.

V. Robert Curtis and A. L. Breeland, Dallas, for appellee.

RENFRO, Justice.

The plaintiff Melton brought suit against Tarrant Utility Company, Inc., for damages resulting from a collision between an automobile owned and driven by plaintiff and a pickup truck owned by defendant and driven by one Burns.

The jury found that Burns failed to keep a proper lookout and failed to yield the right of way; that each of the above was a proximate cause. Contributory negligence issues concerning proper lookout and application of brakes on the part of plaintiff Melton were not answered by the jury. However, the jury did find that plaintiff's failure to honk his horn immediately prior to the collision was negligence and a proximate cause. Based on said finding of contributory negligence the court entered judgment for defendant.

It is the plaintiff's contention that under the circumstances plaintiff was not under a duty to honk his horn, and that failure to honk the horn could not be a proximate cause of the collision.

The collision occurred in the intersection of San Jacinto and Santa Monica Streets. San Jacinto Street ran in a north-south direction and Santa Monica in an east-west direction. Both streets were 14 feet in width, graveled and without curbs, and neither had traffic control signs.

Plaintiff testified: he was traveling south on San Jacinto at about 15 miles per hour when he saw the defendant's pickup east on Santa Monica, traveling west at 15 to 20 miles per hour about 75 feet from the intersection. Plaintiff was about 15 feet from the intersection when he first saw the pickup. The driver of the pickup was looking to his left. There was a peach orchard to defendant driver's left, nothing between plaintiff and defendant's truck but a vacant lot with one bush. At time of impact plaintiff's front wheels had crossed middle of intersection about 4 feet, his car was struck "back of the rear wheel"; plaintiff's car continued on south about 100 feet but defendant's truck stopped at point of impact.

The driver of the pickup testified that he was within 20 to 30 feet of the intersection when he saw plaintiff's auto about 150 feet north of the intersection; he thought the plaintiff was not speeding, so looked to his left where the peach orchard obstructed his view of traffic approaching from the south; when he again looked ahead the plaintiff's car was in the intersection about 10 feet in front of the pickup; he immediately applied his brakes but slid into plaintiff's auto; his truck did not move "even an inch" after the impact.

■ Ordinarily, the issue of proximate cause is a question of fact for the determination of the jury and its verdict is to be sustained. 30-B Tex.Jur., p. 432, sec. 115. Issues as to the liability of a party for his failure to sound his horn, so as to enable the other party to avoid the accident, are properly determined by the jury. 7 Tex.Jur.2d 470; Texas Textile Mills v. Gregory, 142 Tex. 308, 177 S.W.2d 938; Temple Lumber Co. v. Living, Tex.Civ.App., 289 S.W. 746; Smith v. City Transp. Co., Tex.Civ.App.,

245 S.W.2d 296; J. E. Stevens Funeral Home v. Busby, Tex.Civ.App., 336 S.W.2d 812.

The plaintiff's own testimony shows that he knew when the pickup was 75 feet away from the intersection, that the driver thereof was looking to the left and not in plaintiff's direction; that the pickup barely hit the rear end of plaintiff's car. The jury could reasonably find that had plaintiff honked his horn when the pickup was 75 feet away, and plaintiff only 15 feet from the intersection, that the driver of the pickup would have had his attention called to the imminence of the danger and would have stopped or slowed down. From plaintiff's own testimony the jury could believe that even the slightest diminution of speed on the part of the pickup would have averted the collision. It is a reasonable inference that had plaintiff sounded his horn as he approached the intersection, the driver of the pickup, traveling 15 to 20 miles per hour, 75 feet away and looking in the opposite direction, would have had his attention called to plaintiff's immediate approach to the intersection in time to slow or stop the pickup.

■ If different conclusions may reasonably be drawn from the particular act or from the whole of the evidence, the question of causation is for the jury. Liberty Film Lines v. Porter, Tex.Com.App., 136 Tex. 49, 146 S.W.2d 982; 65 C.J.S. Negligence § 265, sub. b, p. 1196.

■ It is true the jury found the driver of the pickup guilty of negligence which proximately caused the collision. The question before us, however, is not whether the failure of plaintiff to honk his horn caused the collision, but whether such failure proximately contributed to it. Alexander v. Missouri, K. & T. R. Co., Tex.Civ. App., 287 S.W. 153.

■ Under the reasonable-prudent-man standard of negligence, we hold the evidence presented fact issues for the jury to de-

termine whether or not the failure of the plaintiff to sound the horn immediately prior to the collision was negligence and a proximate cause of the collision.

Judgment affirmed.