Gaudalupe ESPINOSA et al., Appellants,

v.

Elaine Coleman HUDSON, Appellee.

No. 876.

Court of Civil Appeals of Texas, Tyler.

Dec. 18, 1975.

James J. Hultgren, Dallas, for appellants.

Gordon H. Rowe, Jr., J. W. Payne, Gardere, Porter & DeHay, Dallas, for appellee.

DUNAGAN, Chief Justice.

This is a personal injury action wherein Julia Espinosa as next friend sought to recover for personal injuries sustained by her seven-year-old son, Guadalupe Espinosa, and for medical expenses incurred in treating those injuries which he sustained as a pedestrian struck down by an automobile operated by Elaine Coleman Hudson, appellee. The suit was tried to a jury which found in answer to Special Issues submitted to it that while the minor plaintiff did fail to cross the street at an intersection crosswalk he was guilty of no negligence proximately causing the accident. The jury found that appellee failed to keep a proper lookout but did not find such failure or any other negligence of hers to be a proximate cause of the accident. The trial court in its charge had instructed the jury that the occurrence could be an unavoidable accident, not proximately caused by the negligence of any party to it.

1. "Do you find from a preponderance of the evidence that such failure was a proximate cause of the occurrence in question?

Appellants filed a motion to disregard the jury findings to Special Issue No. 2[1] and to hold, as a matter of law, that the improper lookout of appellee was a proximate cause of the accident; but this the trial court refused to do and instead entered judgment, based on the jury verdict, that appellants recover nothing against appellee. Appellants duly filed a motion for new trial, the pertinent parts read as follows:

"(1) That the Court erred in not granting Plaintiffs' motion to disregard and set aside the jury's answer to Special Issue No. 2.

"(2) That the Court erred in not granting Plaintiffs' motion for judgment because the evidence establishes conclusively an affirmative answer to Special Issue No. 2.

"(3) That the Court erred in submitting Special Issue No. 2 because the evidence established conclusively and as a matter of law an affirmative answer to said issue.

"(4) That the negative answer of the jury to Special Issue No. 2 is contrary to the undisputed evidence which establishes conclusively and as a matter of law an affirmative answer to said issue.

"(5) That the negative answer of the jury to Special Issue No. 2 is against and contrary to the great weight and preponderance of the evidence which establishes an affirmative answer to said issue."

The motion was overruled by the trial court. From this adverse action plaintiffs-appellants appealed.

This appeal is before us on two points of error.

Point One: "The trial court erred in failing to grant plaintiffs' Motion to Disregard findings of the jury to Special Issue Two and grant Plaintiffs' Motion for Judgment."

Answer Yes or No.
Answer: No."

"A. When the evidence is viewed most favorably to the Defendant, (Appellee), there is no evidence to support a jury finding of no proximate cause."

"B. When the evidence establishes conclusively that the Defendant's improper lookout was the proximate cause of the collision in question, the Court should find such improper lookout to be the proximate cause of such collision as a matter of law."

Appellants by their second point of error complain that "The trial court erred in overruling plaintiffs' motion for new trial and in entering judgment against plaintiffs, because the jury finding that defendant's improper lookout was not the proximate cause of the occurrence in question was against the great weight of the evidence."

Appellee testified in her defense as did Adolphus Ray Coleman, her brother, who was riding with her in the front seat. Appellee also read into evidence portions of the deposition of Christine Hernandez, a cousin of Guadalupe Espinosa, who was standing on the porch of the house in front of which the accident occurred. The investigating police officer also testified.

On the question of appellee's lookout, the general effect of the testimony from the above witnesses was as follows:

Appellee was driving her car in a southerly direction on Harwood Street from downtown Dallas in a sprinkling rain. From and after the last time she stopped (at a traffic light about two blocks from the accident scene), the rain began to get heavier and at the time of the accident it was a real downpour. At the time of the accident Appellee was traveling less than twenty miles an hour because of the heavy rain. Appellee testified that the visibility was impaired by the rain. There was no moving traffic immediately ahead of her and no parked cars on either side of the street. Appellee was looking straight ahead when suddenly Guadalupe Espinosa appeared in front of her car, without her having time to blow her horn, put on her brakes or turn in either direction. The accident happened in the middle of the block and not at an intersection. Guadalupe crossed the street from behind a tall clump of bushes about ten feet back from the curb on the west side of the street. Christine Hernandez described these bushes as being "real big", thick, coming right up to the sidewalk, and being about twice as tall as she was. She was taller than Guadalupe Espinosa. As did Appellee, her brother testified that the pedestrian appeared suddenly in front of the car and that Appellee did not have time to take any evasive action, either by braking, blowing her horn, or turning to one side. Appellee's brother testified he saw Guadalupe Espinosa just a split second before the accident and was positive that at that time Guadalupe Espinosa was running. The police officer also testified that Christine Hernandez told him at the scene of the accident that Guadalupe Espinosa left the porch "running across the street."

By its answer to Special Issue No. 2 the jury failed to find an ultimate issue, proximate cause, to be established by a preponderance of the evidence. Inasmuch as that answer is nothing more than a failure to find an ultimate fact as opposed to an affirmative finding of such a fact, *C. & R. Transport, Inc. v. Campbell,* 406 S.W.2d 191 (Tex.1966), it does not need "evidence" to support it, *Smith v. Safeway Stores, Inc.,* 433 S.W.2d 217 (Tex.Civ.App.—Tyler 1968, writ ref'd n. r. e.), and may be attacked only by points of error which contend (1) that the fact inquired about is established as a matter of law and/or (2) that the answer is against the great weight and preponderance of the evidence. Hatchell & Calvert "Some Problems of Supreme Court Review", 6 St. Mary's Law Journal, pages 303, 323–324 (1974).

The general rule in automobile cases is that proximate cause is a question of fact for a jury determination. *O'Kelly v. Jackson,* 516 S.W.2d 748 (Tex.Civ.App.—

Corpus Christi 1974, writ ref'd n. r. e.); *Permian Mud Service v. Sipes,* 339 S.W.2d 81 (Tex.Civ.App.—Eastland 1960, n. w. h.); *Melton v. Tarrant Utility Company,* 339 S.W.2d 379 (Tex.Civ.App.—Fort Worth 1960, n. w. h.); *Anderson v. Garza,* 311 S.W.2d 910, 915 (Tex.Civ.App.—Austin 1958, writ ref'd n. r. e.); *Western Development Corp. v. Simmons,* 124 S.W.2d 414 (Tex.Civ.App.—El Paso 1939, writ ref'd). It becomes a question of law, only, if the evidence was such that reasonable minds could not differ upon the proposition that such negligence was a proximate cause of the accident. *Jessee Produce Co. v. Ewing,* 213 S.W.2d 750 (Tex.Civ.App.—Galveston 1948, n. w. h.); *Burton v. Billingsly,* 129 S.W.2d 439 (Tex.Civ.App.—Amarillo 1939, writ ref'd). A review of the evidence leads us to the conclusion that reasonable minds could differ as to whether or not the negligence of the appellee, Elaine Hudson, in failing to keep such a lookout as a person using ordinary care would have kept, was the proximate cause of the accident.

In determining appellants' assertion that the jury finding in response to Special Issue No. 2 was against the great weight of the evidence, we are required to weigh all of the evidence and to remand the cause for a new trial if we conclude that the verdict was so against the great weight and preponderance of the evidence as to be manifestly unjust. *Traylor v. Goulding,* 497 S.W.2d 944 (Tex.1973); *Trinity Universal Insurance Company v. Farley,* 408 S.W.2d 776 (Tex.Civ.App.—Tyler 1966, n. w. h.). We have carefully examined the entire record and find the evidence to be sufficient to support the jury's finding to Special Issue No. 2 and that the answer thereto is not so contrary to the weight and preponderance of the evidence as to be manifestly wrong and unjust. Appellants' points of error are overruled.

The judgment of the trial court is affirmed.