## The AETNA CASUALTY AND SURETY COMPANY, Appellant,

v.

## Maurilio ALMUINA, Appellee.

### No. 6749.

Court of Civil Appeals of Texas, El Paso.

Sept. 13, 1978.

Rehearing Denied Oct. 11, 1978.

Shafer, Gilliland, Davis, Bunton & McCollum, Inc., Connell Ashley, Gary C. Riley, Odessa, Richard D. Naylor, Pecos, for appellant.

Warren Burnett, Associated, Warren Burnett, Richard C. Abalos, W. Ruff Ahders, Richard J. Clarkson, Odessa, for appellee.

### OPINION

OSBORN, Justice.

This is an appeal from a judgment awarding workmen's compensation benefits based upon jury findings of total and permanent incapacity. We affirm.

There is no real dispute in this case about the injured employee's incapacity, but the sole issue is with regard to who was the employer at the time of the accident. J & J Farms, Inc. and Balmorhea Feeders, Inc. are both corporations operating feedlots in Reeves County. In 1973 and 1974, J & J Farms, Inc. was owned by Joe Lee McMahon and members of his family. Balmorhea Feeders, Inc. was owned one-half by the McMahon family and one-half by the Weinacht family. These companies had different management and different compensation carriers, and there is no evidence that

employees were moved from one company to the other with some regularity as existed in *Dodd v. Twin City Fire Insurance Company*, 545 S.W.2d 766 (Tex.1977).

In April, 1973, Mr. Almuina went to work as a truck driver for J & J Farms, Inc. He was a good employee and worked steadily until the end of April, 1974. At that time, one of the trucks was no longer needed and so Mr. McMahon told Mr. Almuina that another employee was needed by Balmorhea Feeders, Inc. and suggested that he see about a job at that feedlot. Mr. Almuina started to work at Balmorhea Feeders, Inc. on the last day of April and sustained a back injury the next day. His salary was paid by J & J Farms, Inc. through May 15th, and he never was placed on the payroll or paid anything by Balmorhea Feeders, Inc.

During the two days he was at Balmorhea Feeders, he worked under the direction and supervision of their manager and a machine operator. The Aetna Casualty and Surety Company, the carrier for J & J Farms, Inc., contended in the trial Court that Mr. Almuina was a loaned employee of Balmorhea Feeders, Inc. The jury found he was an employee of J & J Farms at the time of receiving his injuries. No attack is made on that finding. In answer to a question inquiring if Mr. Almuina was a borrowed employee of Balmorhea Feeders, the jury answered "He was not a borrowed employee."

The Appellant presents one point of error urging that the trial Court erred in overruling its motion for judgment notwithstanding the verdict because there was no evidence or insufficient evidence that Mr. Almuina was not a borrowed employee of Balmorhea Feeders.

This point would appear to complain of a negative finding on a special issue on which the Appellant had the burden of proof. Properly interpreted, the answer is nothing more than a failure or refusal by the jury to find from a preponderance of the evidence that Mr. Almuina was a borrowed employee, and means, in law, that the Appellant failed to carry its burden of proving the fact inquired about in this issue. *C. & R. Transport, Inc. v. Campbell*, 406 S.W.2d 191 (Tex.1966). The negative answer does not require any evidence to support it on appeal and, technically, it cannot be attacked by a "no evidence" point. *Traylor v. Goulding*, 497 S.W.2d 944 (Tex.1973); *Espinosa v. Hudson*, 531 S.W.2d 248 (Tex.Civ.App.—Tyler 1975, no writ); *Washington v. Aetna Casualty and Surety Company*, 521 S.W.2d 313 (Tex.Civ.App.—Fort Worth 1975, no writ); *Bell v. Buddies Super-Market*, 516 S.W.2d 447 (Tex.Civ. App.—Tyler 1974, writ ref'd n. r. e.); Hatchell and Calvert, "Some Problems of Supreme Court Review," 6 St. Mary's L.J. 303, 323 (1974). But from the argument in the brief, we conclude that Appellant's real contention is that the issue was established as a matter of law, and we will consider the point of error. *O'Neil v. Mack Trucks, Inc.*, 542 S.W.2d 112 (Tex.1976); *Meyerland Company v. Palais Royal of Houston, Inc.*, 557 S.W.2d 534 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ).

Such review is a two-step procedure; first, to see if there is any evidence to support the jury finding, and, if not, to see if the contrary proposition is established as a matter of law. The first step requires that we examine the record for evidence that supports the jury finding while ignoring all evidence to the contrary. O'Connor, "Appealing Jury Findings," 12 Hous.L.Rev. 65 at 78–81 (1974).

The Court, in its charge, defined a "borrowed employee" as being "one who, while in the general employment of one employer, is subject to the right of another employer or his agents to direct and control the details of the particular work inquired about and [who] is not merely cooperating with suggestions of such other employer."

When we consider only the evidence to support the jury finding, we find some evidence which would indicate Mr. Almuina was hired as an employee of Balmorhea Feeders and thus no longer in the general employment of J & J Farms and subject to the direction and control of another employ-

er within the Court's definition. Joe Lee McMahon testified: "I thought he was with Balmorhea Feeders." He said he sent Mr. Almuina to Balmorhea Feeders to "see if he could get a job over there." Mr. McMahon apparently thought the job was being terminated at J & J Farms because he said he (McMahon) gave him (Almuina) his notice (of termination). When he was asked how it was determined who was to terminate Mr. Almuina, Mr. McMahon said: "I guess I drew the black marble."

The general manager for Balmorhea Feeders said Mr. Almuina was under his supervision and control, and that "we hired him or tried him out on a probationary basis, so to speak." One of the owners, Mr. Charles Weinacht, said Balmorhea Feeders did not take people under their control unless they hired them.

Such evidence would be sufficient to support a finding that Mr. Almuina was in fact Balmorhea Feeders' very own employee and not a borrowed employee, and thus it supports the negative answer to Special Issue No. 2. The fact that at the time of the injury Mr. Almuina was still on the payroll of J & J Farms, Inc. is not absolutely controlling as to the issue of employment. *Employers Casualty Company v. American Employers Insurance Company*, 397 S.W.2d 292 (Tex.Civ.App.—Amarillo 1965, writ ref'd n. r. e.).

There is also substantial evidence that there was no agreement between the two companies that Mr. Almuina, as an employee of J & J Farms, was to be loaned to Balmorhea Feeders. Thus, the first step has not been met to set aside the jury finding. Even if it was, we would not hold under the record in this case that the second step has been met and would not hold that the evidence establishes as a matter of law that Mr. Almuina was a borrowed servant. *Dodd v. Twin City Fire Insurance Company*, supra.

The Appellant's Point of Error No. 1 is overruled. The judgment of the trial Court is affirmed.